GORDON *v.* TOWN OF DEWITT.

Opinion delivered January 27, 1913.

1. GAMING—EVIDENCE.—Where defendant and others were charged with gaming, on the trial of defendant, the question, "They didn't deny having been gambling, did they?" asked of the sheriff who arrested them is improper, but not prejudicial where the other parties had, without objection, testified that they had pleaded guilty to gaming. (Page 285.)

2. TRIAL—ARGUMENT OF COUNSEL.—Remarks by counsel that defendant's companions had pleaded guilty to gaming, and an appeal to the jury to enforce the law, are proper argument. (Page 285.)

3. GAMING—ATTORNEY'S FEES.—There is no statutory authority for an ordinance allowing attorney's fees for specially employed counsel representing towns in prosecutions for gaming. (Page 286.)

Appeal from Arkansas Circuit Court; *Eugene Lankford*, Judge; modified and affirmed.

STATEMENT BY THE COURT.

Appellant was convicted of the crime of gaming and appeals to this court. The evidence tends to show the following facts:

The appellant, with three other persons, went to a certain room in the town of DeWitt about 12 o'clock at night. They found a deck of cards in this room. They were not on their way home. In fact, appellant was going in the opposite direction. A disturbance took place in the room and the sheriff was called upon to quell it. When he entered the room he found four or five persons sitting around the table. Appellant was sitting by the table with cards in his hands, and there was money on the table. Two or three of the persons found

there testified that money had been put up on the game. They did not remember how much.  Appellant, when the sheriff entered the room, hung his head, and one of the boys said to him, "Cheer up, Dan, there is a better day coming," or something like that.   The appellant and the other boys were sitting by the table when the sheriff entered the room with cards in their hands.   Presently the owner of the room entered the same and appellant threw his slicker over his head and backed out of the room.

It was shown, without objection on the part of the appellant, that the other boys who were in the same game had pleaded guilty or had been convicted of the same offense.

There was testimony on behalf of the appellant tending to show that he was not guilty.  The witness who made the arrest, over the objection of appellant, was asked the following question:  "They didn't deny having been gambling, did they?" and answered, "Not that night."

Counsel for the appellee, in his closing remarks, used the following language:  "Wells, Curry and Mullens plead guilty to gaming and the defendant is guilty and ought to be fined, and I ask you to break up this sort of thing."   The appellant duly saved his exceptions.

*J. M. Brice,* for appellant.

1.  Under the record presented here there is no substantial evidence to support the verdict.   Mere presence in the room, without proof of actual participation in the game and betting money thereon, is not sufficient.   105 Ark. 218; 99 Ark. 558; 19 Ark. 502; 13 Ark. 712.

It was not incumbent on defendant to prove that he was not guilty because he was present, but the burden was on the plaintiff to prove his guilt beyond a reasonable doubt.   The question, "They didn't deny having been gambling?" and the answer, "Not that night," were not only incompetent, but also highly prejudicial.

2.   The case should be reversed for the improper argument of the prosecuting attorney, which the court

refused to exclude, thereby intimating to the jury his opinion that defendant was guilty.    99 Ark. 558; 72 Ark. 468; 65 Ark. 389.

3.    The court erred in overruling appellant's motion to retax the cost as to the attorney fees.

*Rasco & Botts,* for appellee.

1.    The evidence is amply sufficient to sustain the verdict.    In order to establish defendant's guilt it was not essential to show that he was seen actually engaged in the game, but it is sufficient if all the facts and circumstances introduced in evidence, and the jury's observation of the witnesses, convinced them beyond a reasonable doubt that he was guilty.    92 Ark. 586; 31 Ark. 196; 22 Ark. 213; 10 Ark. 378; 3 Ark. 66.

2.    The argument of counsel objected to was not improper, but was a legitimate expression of opinion.    76 Ark. 39; 100 Ark. 232.

3.    The objection that the court erred in overruling the motion to retax costs was not brought into the motion for a new trial and should not be considered here.    62 Ark. 120.

WOOD, J., (after stating the facts).    As to whether or not appellant was guilty was a question for the jury under the evidence.    The evidence was sufficient to support the verdict.

The question asked the deputy sheriff, towit: "They didn't deny having been gambling, did they?" was improper, but in view of the fact that the parties offered to testify themselves and were permitted, without objection, to state that they were in the game and had pleaded guilty to gaming, and had been convicted of Sabbath breaking growing out of the game, there was no prejudicial error in the question and answer.

The remarks of counsel that "Wells, Curry and Mullens plead guilty to gaming" were not improper, at least not prejudicial, in view of the fact that it was shown, without objection, at the trial that these parties had pleaded guilty; and the further remarks were but the expression of the opinion of counsel and an appeal to

the jury to enforce the law by convicting the appellant. The remarks were clearly within the bounds of legitimate argument. *Bowen* v. *State*, 100 Ark. 232. The appellant moved to retax the cost so as to eliminate the charge of $10 as attorney's fees for the attorney representing the town. This motion should have been granted. There is no statutory authority for an ordinance allowing an attorney's fee for specially employed counsel, representing the town in prosecutions for gaming. The judgment therefore will be modified so as to eliminate the attorney's fees in the courts below and as thus modified it will be affirmed.