ARNOLD, SHERIFF *v*. STATE, EX REL. BURTON.

4-9674                                   245 S. W. 2d 818

Opinion delivered February 11, 1952.

*Shelby C. Ferguson* and *Chas. F. Cole,* for appellant.

*Northcutt & Northcutt,* for appellee.

GEORGE ROSE SMITH, J.   This is a suit for false imprisonment brought by the appellee, L. V. Burton, against Naldo Arnold, a former sheriff of Sharp County, and the surety on his official bond.   Trial before a jury resulted in a verdict for $1,500 compensatory damages and $100 punitive damages.

Burton proved by several witnesses that on the evening of November 5, 1949, he was sitting in a cafe in the city of Hardy.   Arnold, visibly intoxicated, entered the cafe and sat down near Burton.   When Burton offered a light for Arnold's cigarette the sheriff cursed him, displayed his badge, leveled his pistol at Burton, and after some exchange of words arrested Burton and took him to jail.   In about an hour and a half Burton was released at the suggestion of a deputy sheriff.   No charges were ever preferred against him.   Arnold's evidence was to the effect that he had had only two drinks and had cause to believe that Burton had stolen some tools, but the jury evidently concluded that the arrest and imprisonment were wholly without cause and attributable only to Arnold's intoxication.

Arnold complains of the trial court's refusal to grant a continuance owing to the absence of two witnesses for whom Arnold had obtained subpoenas two weeks before

the trial. The motion for a continuance was properly denied. As to one of the absent witnesses the motion merely stated that this witness would testify that he was present when the arrest was made. That bare fact had nothing to do with the issues in the case. As to the other witness no diligence on Arnold's part is shown by the motion. The proof heard on the motion shows that this witness had been out of the State for from three to nine months before the date of trial. Arnold fails to show that he made any effort to find the witness and take his deposition.

It is argued that the court erred in submitting the matter of punitive damages to the jury, since the record discloses that at the close of the plaintiff's proof the court sustained a motion to dismiss the complaint as to such damages. It may be inferred that the court intended to dismiss as to the surety alone, as the motion referred to the defendant instead of the defendants. But even accepting the appellants' interpretation we find no error. Later on the court submitted the issue of punitive damages to the jury, without objection by the appellants. The proof we have mentioned certainly raised an issue as to whether the sheriff had acted willfully, intentionally, and maliciously; so a jury question existed. *Kelly* v. *Mc-Donald*, 39 Ark. 387. The most that can be said is that the judge reconsidered his earlier ruling, without the defendants' either objecting or asking an opportunity to adduce additional evidence. Nor, for that matter, was the point preserved in the motion for a new trial.

It is also contended that the verdict for $1,500 actual damages is excessive. When we consider that Burton was humiliated in a public place, threatened with a pistol, and placed in jail, and that word of the incident reached his employer and caused him further embarrassment, we think the award entirely reasonable.

By cross appeal Burton contends that the court erred in correcting its judgment to relieve the surety of liability for punitive damages. This modification was correct. Punitive damages are imposed to punish the wrongdoer, not to compensate the plaintiff for the officer's breach

of duty. It is therefore generally held that the surety is not liable for punitive damages unless the statute so provides. *Yesel* v. *Watson,* 58 N. D. 524, 226 N. W. 624, 64 A. L. R. 929; *cf.* Rest., Security, § 181. Our statute does not so provide. Ark. Stats. 1947, § 12-1101.

Affirmed.