NANCE v. FLAUGH.

4-9913                                    253 S. W. 2d 207

Opinion delivered December 15, 1952.

*Cole & Epperson* and *Dennis K. Williams,* for appellant.

---

Geoage Rose Smith, J. This is a complaint for libel, upon which the jury fixed the plaintiff's damages at $1,500. For reversal the defendant contends (a) that the court should have quashed the service of summons and (b) that the court erred in entering a default judgment on the issue of liability, leaving to the jury only the assessment of damages.

The original complaint alleged that the defendant had written a letter to the plaintiff's wife in which the defendant had quoted the plaintiff's son as having stated that the plaintiff had committed specified immoral acts; that these statements were false; etc. To this complaint the defendant filed an answer and later a demurrer. Before the court ruled upon the demurrer the plaintiff, with leave of court, filed a substituted complaint, which is in substance the same as the original pleading except that it is alleged that the plaintiff's son did not in fact make the slanderous statements attributed to him in the defendant's letter. Thereafter the defendant moved to quash the service upon the ground that he is a resident of Louisiana and was served in Arkansas while attending court as a witness in a criminal case. After hearing testimony the court denied the motion.

We think the court acted correctly. Of course the defendant entered his appearance by his answer and demurrer to the first complaint. He now argues, however, that his appearance related only to the first pleading and that he was free to appear specially to the substituted complaint. This position might be well taken had the second complaint asserted a new cause of action, for it would then have been incumbent upon the plaintiff to obtain a new service of process. *Arbaugh* v. *West*, 127 Ark. 98, 192 S. W. 171. But a defendant is still subject to the court's jurisdiction if the amended complaint does not amount to the bringing of a new suit. *Smith* v. *Smith*, 190 Ark. 418, 79 S. W. 2d 265. Here the second complaint merely added an assertion that the plaintiff's son had not actually made the statements quoted by the defendant. This makes no difference, however, as the defendant's letter was equally a defamation whether he had fabricated the accusations himself or was simply

repeating what he had heard. Newell, Slander and Libel, § 300. Since a new cause of action was not alleged the defendant's entry of appearance applied also to the substituted pleading, and it was too late for him to attempt to appear specially.

Upon the motion to quash being overruled the defendant declined to plead further and refused to take part in the trial. The court, at the beginning of the trial, told the jury that its only duty was to assess the damages against the defendant. It is now insisted that inasmuch as the defendant had filed an answer containing a general denial the court was wrong in awarding the plaintiff a judgment by default. We need not pass upon this contention, for the record further shows that at the close of the case the court in fact submitted the issue of liability to the jury, by instructing them that the plaintiff had the burden of proving every material allegation of his complaint and that if that burden had not been sustained the verdict should be for the defendant. Thus in effect the trial judge reconsidered his earlier ruling, as he was at liberty to do. *Arnold, Sheriff,* v. *State, ex rel. Burton,* 220 Ark. 25, 245 S. W. 2d 818.

Affirmed.