James HIGGINS *v.* STATE of Arkansas

CR 80-184                                          603 S.W. 2d 401
Supreme Court of Arkansas
August 25, 1980

20

## PER CURIAM

Petitioner was convicted by a jury of aggravated robbery and theft of property. He was found to have been convicted of two to three prior felonies and was sentenced to consecutive terms of twenty years imprisonment and ten years imprisonment in the Arkansas Department of Correction. The Court of Appeals affirmed, *Higgins* v. *State*, CA CR 79-97 (January 16, 1980).* Petitioner now seeks permission to proceed in circuit court for postconviction relief on the grounds hereinafter discussed.

Petitioner generally alleges that he was denied effective assistance of counsel both at trial and on appeal. In support of his allegation concerning trial counsel he specifically

---

*This opinion was not designated for publication.

alleges that his attorney did not adequately consult with him; failed to investigate before trial; failed to ask for a reduction in bond as requested; failed to subpoena witnesses as requested; failed to interview the state's witnesses; and failed to object to a witness changing her description of the robber. These conclusory allegations fall short of demonstrating that petitioner was denied effective assistance of counsel at trial or on appeal. Petitioner has not furnished the names of the witnesses requested and the substance of their testimony. He has not presented facts to support his allegations nor has he demonstrated any prejudice to him - by these alleged omissions. We have consistently held that mere errors, omissions, mistakes, improvident strategy or bad tactics will not justify postconviction relief. *Leasure* v. *State*, 254 Ark. 961, 497 S.W. 2d 1 (1973).

Petitioner alleges that it was a violation of the double jeopardy clause for him to be convicted of both aggravated robbery and theft of property. He claims that both charges arose from the same transaction and, thus, the theft charge was a lesser included offense. We reject this argument.

Aggravated robbery is committed when a person employs or threatens to immediately employ physical force upon another with the purpose of committing a theft or resisting apprehension immediately thereafter and he is armed with a deadly weapon. The commentary found after Ark. Stat. Ann. §§ 41-2101 − 41-2103 (Repl. 1977) states that the focus of robbery has been shifted from the taking of property to the threat of physical harm to the victim; no transfer of property needs to take place since the offense is completed when the physical force is threatened. A persons commits theft of property when he knowingly obtains the property of another person by threat with the purpose of depriving the owner thereof. Thus, the offenses are separate and distinct and not dependent upon the same evidence to support the convictions. See, *Britt* v. *State*, 261 Ark. 488, 549 S.W. 2d 84 (1977).

His next allegation attacks the constitutionality of Act 93 and its effect on his sentence. He contends that the use of convictions committed prior to the passage of the Act makes the

Act an "ex post facto bill." Act 93 defines parole eligibility for persons who committed felonies on or after April 1, 1977. Therefore, petitioner is not attacking the validity of the sentence imposed, but rather is attacking the execution of the sentence. A challenge to the manner in which a sentence is being executed is not a proper matter to be considered in a petition for postconviction relief. *Houser* v. *United States*, 508 F. 2d 509 (8th Cir. 1974); *Lee* v. *United States*, 501 F. 2d 494 (8th Cir. 1974).

Finally, petitioner alleges that it is unconstitutional to charge by information without the safeguard of a grand jury indictment. We have consistently upheld the constitutionality of our procedure. *McCree* v. *State*, 266 Ark. 465, 585 S.W. 2d 938 (1979).

Accordingly, petitioner's pro se petition for permission to proceed under Criminal Procedure Rule 37 is hereby denied.

Petition denied.