Theresa Lynn HILL, Sherry Laverne LEDFORD,
Marsha Gail OVERTON and Dayna J. SNYDER
*v.* STATE of Arkansas

CR 81-135                                      634 S.W.2d 120

Supreme Court of Arkansas
Opinion delivered June 7, 1982

*Robert E. Irwin* of *Irwin & Kennedy* and *Bullock, Harding & McCormick,* for appellants.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellants, four girls ranging in age from sixteen to twenty, were charged with the aggravated robbery of Louis Daniels at the New Hope Grocery in Pope County in February, 1981. A jury found all four guilty and fixed the sentence of each at six years. The applicable statute, Ark. Stat. Ann. § 41-2102 (Supp. 1981), provides a minimum mandatory sentence of six years without suspension of execution of sentence. The jury added to its verdict form the phrase, "we the jury recommend leniency according to the Court's judgment by consideration of the partial suspension." No details of the aggravated robbery are known to this court as none of the evidence has been designated to be a part of the record. The record before us consists of only the instructions, requests for instructions and rulings of the trial court with regard to the constitutionality of the mandatory serving of sentences. Jurisdiction is vested in this court pursuant to Rule 29 (1) (c) as one of the issues involves the constitutionality of an act of the General Assembly. We uphold the constitutionality of the act and affirm the trial court.

The trial court instructed the jury only on the offense of aggravated robbery. Appellants contend that the trial court erred in refusing to instruct on lesser included offenses and they argue that theft and robbery are lesser included offenses.

Our general rule on instructing the jury on lesser included offenses was stated in *Caton & Headley* v. *State,* 252 Ark. 420, 479 S.W.2d 537 (1972):

> * * * We have consistently held that a trial court commits reversible error when it refuses to give a correct instruction defining a lesser included offense and its punishment when there is testimony on which the defendant might be found guilty of the lesser rather than the greater offense. (Citing cases.) * * *

The questions in this case become; are theft and robbery lesser included offenses within aggravated robbery and, if so,

is there evidence upon which appellants might be found guilty of the lesser rather than the greater offense? Theft is not a lesser offense included within the definition of aggravated robbery. *Higgins* v. *State,* 270 Ark. 19, 603 S.W.2d 401 (1980), Hence no additional discussion of the need for an instruction on theft is necessary. However, robbery is a lesser offense included within the definition of aggravated robbery as those offenses are defined in the Arkansas Criminal Code of 1976. Ark. Stat. Ann. §§ 41-2102 and 41-2103 (Supp. 1981). *Hamilton* v. *State,* 262 Ark. 366 at 373, 556 S.W.2d 884 (1977). If there is any evidence to support the giving of the instruction on the lesser included offense, it must be given. *Sargent* v. *State,* 272 Ark. 336, 614 S.W.2d 503 (1981). But, if there is no rational basis for acquitting appellants of aggravated robbery and convicting them of the lesser offense of robbery, the lesser instruction need not be given. Ark. Stat. Ann. § 41-105 (3) (Repl. 1977); *Hamilton* v. *State,* supra. In this case the trial judge, in refusing the instruction on the lesser included offense, commented that he was going to give only the aggravated robbery instruction "because there is no question — there is no conflict in the testimony that a deadly weapon was used . . . " The statement is conclusive of the fact that there was no rational basis for acquitting appellants of aggravated robbery and convicting them of robbery because none of the evidence given at trial has been made a part of the record on appeal. Thus, we affirm on the issue of instructing the jury.

Appellants next contend that a statute containing a mandatory minimum sentence with a provision prohibiting the suspension of execution of the sentence is an unconstitutional legislative usurpation of judicial powers. The relevant portions of § 41-2102 are:

> (3) (a) Upon . . . being found guilty . . . of aggravated robbery . . . such person shall be imprisoned for not less than six (6) years;
> (4) The sentences provided for . . . are mandatory and shall not be subject to suspension.

The trial court ruled that the statute made the imposition of the sentence mandatory and that he could not

suspend execution of sentence even though the jury had recommended partial suspension. The trial court was correct in its ruling for we have long held that courts have no inherent authority to suspend indefinitely the execution of a sentence. In *Davis* v. *State,* 169 Ark. 932, 277 S.W. 5 (1925), we stated:

> It is evident that, when a court undertakes on its own motion to suspend a sentence indefinitely, it really refuses to enforce the punishment provided by statute, unless it shall at some future time conclude that it is proper to do so. The power to exercise discretion as to the enforcement of the punishment provided by law and pronounced by the court is vested in the Governor.

> We are therefore of the opinion that the circuit court in each instance erred in holding that it had inherent power or any power at all to suspend the execution of the sentence during the good behavior of the defendant. ***

We have consistently held that statutory authority is necessary for a court to suspend the execution of a pronounced sentence. *Joiner* v. *State,* 94 Ark. 198, 126 S.W. 723 (1910); *Wolfe* v. *State,* 102 Ark. 295, 144 S.W. 208 (1912); *Davis* v. *State,* supra; *Stocks* v. *State,* 171 Ark. 835, 286 S.W. 975 (1926); *Denham* v. *State,* 180 Ark. 382, 21 S.W.2d 608 (1929); *Culpepper* v. *State,* 268 Ark. 263, 595 S.W.2d 220 (1980). We decline to overrule these cases. The power to grant or withhold the authority of trial judges to suspend the execution of a pronounced sentence properly lies within the General Assembly.

Appellants' final argument is that during the course of the trial the judge expressed doubts about the constitutionality of the act but, at the time of sentencing, upheld the act. This does not constitute reversible error for a trial judge is at liberty to reconsider earlier rulings. *Arnold, Sheriff* v. *State, ex rel Burton,* 220 Ark. 25, 245 S.W.2d 818 (1952); *Nance* v. *Flaugh,* 221 Ark. 352, 253 S.W.2d 207 (1952). In addition, on the abbreviated record before us, no prejudice can be demonstrated. In Arkansas we have long held that a

judgment of conviction will be reversed for prejudicial errors only. *Lee* v. *State*, 73 Ark. 148, 83 S.W. 916 (1904). This is still the law. We do not reverse for non-prejudicial errors. *Brown* v. *State*, 262 Ark. 298, 556 S.W.2d 418 (1977).

Affirmed.