Clifton Eddie THOMAS *v.* STATE of Arkansas

CR 83-133                                     660 S.W.2d 169

Supreme Court of Arkansas
Opinion delivered November 14, 1983

*Guy H. (Mutt) Jones, Phil Stratton* and *Casey Jones,* by: *Casey Jones,* for appellant.

*Steve Clark,* Atty. Gen., by: *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. At 10:30 on the night of August 31, 1982, Dearl Durham drove his car into Allsopp Park in mid Little Rock, parked, got out, and walked into some nearby woods to urinate. While standing there, he felt a knife at his throat. The knife was wielded by someone standing behind him and was held with sufficient pressure to cut his throat. The attacker then moved directly in front of him, demanded his money, and stabbed him in the stomach. Durham identified the appellant, Clifton Eddie Thomas, as the person who stabbed him. Two of appellant's accomplices suddenly appeared and pushed Durham to the ground. While lying on the ground Durham managed to hand over his car keys. One of the assailants went to his nearby parked car and stole his billfold. Durham was stabbed twice more while lying on the ground. Appellant was charged and convicted of battery in the first degree in violation of Ark. Stat. Ann. § 41-1601 (1) (c) (Repl. 1977) and aggravated robbery in violation of Ark. Stat. Ann. § 41-2102 (1) (a) (Repl. 1977). He contends that his conviction for first degree battery should be set aside as a lesser included offense of aggravated robbery. We affirm both convictions. Jurisdiction is in this Court as the appeal involves the construction of a statute. Rule 29 (1) (c).

Ark. Stat. Ann. § 41-105 (Repl. 1977), the provision pertinent to this issue, provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

> (a) one offense is included in the other, as defined in subsection (2); . . .

(2) . . . An offense is so included if:

> (a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged.

We have construed the above to provide that there may not be a conviction for two separate offenses when the statutory definition of one criminal offense encompasses all of the statutorily defined elements of a lesser included offense. *Swaite* v. *State,* 272 Ark. 128, 612 S.W.2d 307 (1981); *Rowe* v. *State,* 275 Ark. 37, 627 S.W.2d 16 (1982).

Following that reasoning we have set aside convictions for first degree battery as a lesser included offense of aggravated robbery when the charge is made under one particular subsection of the first degree battery statute. *Akins* v. *State,* 278 Ark. 180, 644 S.W.2d 273 (1983); *Sanders* v. *State,* 279 Ark. 32, 648 S.W.2d 451 (1983); and *Robinson* v. *State,* 279 Ark. 61, 648 S.W.2d 446 (1983). In each of those cases the appellant was charged with first degree battery under subsection (1) (d) of § 41-1601. It is as follows:

(1) A person commits battery in the first degree if:

(d) acting alone or with one or more other persons, *he commits or attempts to commit a felony,* and in the course of and in furtherance of the felony, or in immediate flight therefrom:

> (i) *he or an accomplice causes serious physical injury* to any person under circumstances mani-

festing extreme indifference to the value of human life; or

(ii) another person who is resisting the offense or flight causes serious physical injury to any person.

(Emphasis added.)

By the statutory definition of the offense under this subsection the State must prove the defendant committed a felony, here aggravated robbery, and, in the course of committing aggravated robbery, caused serious physical injury to another person. Consequently, proof of the first degree battery, by statutory definition, must include proof of the aggravated robbery when the charge is for violating that particular subsection.

In the case before us the charge of first degree battery was made under a different subsection. It was made pursuant to subsection (1) (c) of § 41-1601 which provides:

(1) A person commits battery in the first degree if:

(c) he causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life; . . .

The charge of aggravated robbery was made pursuant to subsection (1) (a) of § 41-2102 which is:

(1) A person commits aggravated robbery if, [with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to employ physical force upon another,] and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; . . .

The elements of the statutory definition of the two offenses under these subsections are different. Under the subsections utilized for charges in this case, first degree battery requires serious physical injury to another while

aggravated robbery does not. Aggravated robbery requires the purpose of committing theft and being armed with a deadly weapon, or the representation that one is so armed while first degree battery, by statutory definition, requires neither of these elements. Each offense by statutory definition requires proof of a fact which is not required by the other. Convictions for both crimes are valid under the statutory subsections utilized in the case now before us.

In an alternative argument the appellant recognizes the distinctions in the above quoted subsections but contends that we should not allow a prosecutor to "engineer" double punishment. The argument is fully answered in a paragraph from *Cromwell* v. *State,* 269 Ark. 104, 598 S.W.2d 733 (1980):

> The answer to this argument is that the possible exercise of such discretionary authority is not fatal to the statues, for even in capital cases, which this one is not, the evil to be guarded against is the capricious selection of a group of offenders. *Gregg* v. *Georgia,* 428 U.S. 153, 199 (1976). In the first place, it is impossible to avoid the use of general language in the definition of certain offenses. *State* v. *Weston,* 255 Ark. 567, 501 S.W.2d 622 (1973). Moreover, the prosecutor or grand jury is often compelled to choose one or two or more offenses, no matter how precise the statutes may be. For example, the conflicting testimony of eyewitnesses may, depending on their varying credibility, establish capital murder if the accused committed robbery but only murder in the first degree if he committed a lesser felony such as theft of property, battery, or aggravated assault. §§ 41-2103, -2203, -1601, and -1604. There can be no constitutional objection to the exercise of a reasonable discretion in that situation.

Affirmed.