.Brenda L. THOMPSON
*v.* STATE of Arkansas

CR 84-67

682 S.W.2d 742

Supreme Court of Arkansas
Opinion delivered January 21, 1985
[Rehearing denied February 25, 1985.]

*Charles L. Carpenter, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appllee.

ROBERT H. DUDLEY, Justice. Appellant, Brenda Thompson, was found guilty of robbery and sentenced to twenty years in prison. Jurisdiction is in this Court, pursuant to Rule 29(1) (c), because appellant questions the construction of an act of the General Assembly. We reverse and remand.

Appellant was in the linen department of the J.C. Penney store on University Avenue in Little Rock. According to the State's evidence, a security employee of the store, Debra English, was hidden in an observation booth and saw the appellant place four towels inside a large zippered purse. By phone, Miss English told another security employee, Larry Newkirk, of her observation, left the booth, walked up to the appellant, identified herself, and

asked appellant to go with her to a downstairs security office. At that time, the appellant unzipped the purse, started throwing out the towels, and began yelling, cursing, and hitting Miss English. Larry Newkirk arrived, and he and Miss English began escorting appellant to the security office where she again attacked Miss English. The police subsequently arrested appellant and gave her a *Miranda* warning. She did not make a statement.

At trial, the appellant denied that she had concealed any towels in her purse, and stated that Miss English grabbed her from behind, beat her, and did not identify herself. After giving her exculpatory version of the event, the prosecutor asked appellant if earlier she had given the police her version.

> *Q:* Did you tell the police officer?
> Did you tell anyone else about being beaten?

> *MR. CARPENTER:* Objection, Your Honor. She was taken into custody and is not required to make any statement after that.

> *THE COURT:* The objection is overruled, sir.

> *Q:* Did you tell the police officers that you had been beaten and kicked and stomped by Ms. English?

> *A:* I don't believe I did.

> *Q:* So this is the first time you've told anybody outside your counsel who is here today. Is that correct?

> *A:* I didn't know I had to tell the policeman that.

> *Q:* No, I just asked you if you did.

> *A:* I said I didn't.

During the closing argument the prosecutor highlighted the questions, over the objection of appellant, by arguing that the discrepancy between the exculpatory story at trial and the silence at the time of arrest gives rise to an inference that the story was recently fabricated. "Is that reasonable? Is that true? And also remember, now, she didn't

bother to tell anybody this until today. She made it up when she came here to make herself look good." Appellant assigns the rulings as error.

In an analogous case, the Supreme Court of the United States held that it is fundamentally unfair and a violation of the Due Process Clause of the Fourteenth Amendment to allow an arrested person's silence at the time of arrest and after *Miranda* warnings to be used to impeach an explanation subsequently offered at trial. *Doyle v. Ohio,* 426 U.S. 610 (1976). Accordingly, we reverse.

Appellant argues that the case should be dismissed, rather than remanded, because there was insufficient evidence to support a charge of robbery. The argument is without merit. Robbery has been re-defined in the criminal code so that the focus of the event is shifted from the taking of property to the threat of physical harm to the victim. A person commits robbery if he employs physical force in attempting to commit a theft or if he employes physical force in resisting apprehension immediately after committing a theft. Ark. Stat. Ann. § 41-2103 (Repl. 1977). On review, we do not weigh evidence or judge the credibility of witnesses, instead, we consider the evidence most favorably to the appellee. *McCree v. State,* 266 Ark. 465, 585 S.W.2d 938 (1979). Viewing the evidence in that light, there was substantial evidence from which a jury could find that appellant committed a theft and resisted apprehension immediately thereafter. One commits theft if he knowingly exercises unauthorized control over the property of another person with the purpose of depriving the owner thereof. Ark. Stat. Ann. § 41-2203 (Repl. 1977). In addition, the State's evidence was sufficient to invoke a statutory presumption of theft. Ark. Stat. Ann. § 41-2202(2) (Repl. 1977), in pertinent part, provides:

> (2) Shoplifting Presumption. The knowing concealment, upon his person or the person of another, of unpurchased goods or merchandise offered for sale by any store or other business establishment shall give rise to a presumption that the actor took goods with the purpose of depriving the owner, or another person

having an interest therein.

The state's evidence that appellant resisted apprehension immediately after the theft need not be restated. There was sufficient evidence to support a charge of robbery. Thus, we do not dismiss.

Since there will be another trial, we answer the points which are likely to again arise.

The appellant contends that she was entitled to an instruction that theft is a lesser offense included within the crime of robbery. The argument confuses the distinction between element included offenses and lesser included offenses. Element included offenses are defined in Ark. Stat. Ann. § 41-105(1)(a) (Repl. 1977). They arise when one criminal offense, by statutory definition, cannot be committed without the commission of another underlying offense, and, by the language of the statute, although a defendant can be prosecuted for both offenses, a conviction cannot be had for both. *Wilson* v. *State*, 277 Ark. 219, 640 S.W.2d 440 (1982). The statute, § 41-105, in the pertinent part, provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(a) one offense is included in the other, as defined in subsection (2); . . .

(2) . . . An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged.

However, an offense is not a lesser included offense solely because a greater offense includes all of the elements of

an underlying offense. The lesser included offense doctrine additionally requires that the two crimes be of the same generic class and that the differences between the offenses be based upon the degree of risk or risk of injury to person or property or else upon grades of intent or degrees of culpability. An example of grading the offense based upon the degree or risk or risk of injury to person or property is battery in the first degree and battery in the second degree. An example of grades of intent or degrees of culpability is murder in the first degree and manslaughter.

Theft is the wrongful appropriation of the victim's property while robbery is the threat of physical harm to the victim. The offenses are of a different nature. They are not of the same generic class and, consequently, theft is not a lesser offense included within robbery. *Higgins* v. *State*, 270 Ark. 19, 603 S.W.2d 401 (1980); *Hill* v. *State*, 276 Ark. 300, 634 S.W.2d 120 (1982). Appellant was not entitled to an instruction that theft is a lesser offense included within robbery.

The appellant contends that she was entitled to a standard instruction on justification, or self-defense. See AMCI 4104. It is true that common law permitted reasonable resistance to an unlawful arrest. *Patterson* v. *State*, 141 Ark. 422, 217 S.W. 480 (1920). However, under Ark. Stat. Ann. § 41-512 (Repl. 1977) the defense of justification will fail if interposed in a case involving resistance to a lawful or unlawful arrest, whether or not under warrant, so long as the person resisting knew or should have known the arrest was by a law enforcement officer or a person acting under his direction. We have no decisional law determining whether a person may resist an unlawful arrest by one who is not a law enforcement officer which, appellant contends, is the situation in this case. However, we do not decide the issue because the instruction offered does not address the subjects of arrest, robbery, or theft. The offered instruction was not applicable.

The appellant's final argument is that the trial court erred in submitting the case for sentencing under the habitual offender statute. The argument is without merit

since the appellant testified that she had been convicted of at least two prior felonies.

Reversed and remanded.

HOLT, C.J., and PURTLE, J., concur.