**David Ray COLLINS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 84–1726.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1985.

Decided Sept. 11, 1985.

Lisa A. Kelly, Little Rock, Ark., for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ROSS and JOHN R. GIBSON, Circuit Judges, and COLLINSON,* Senior District Judge.

* The HONORABLE WILLIAM R. COLLINSON, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

JOHN R. GIBSON, Circuit Judge.

The question in this appeal is whether the double jeopardy clause permits cumulative punishments under Arkansas law for theft and aggravated robbery arising out of a single incident. Because we conclude that the Arkansas legislature did not intend to prohibit multiple punishments here, the judgment of the district court[1] denying habeas corpus relief is affirmed.

David Ray Collins was convicted in Arkansas state court of theft and aggravated robbery. He received consecutive sentences of twenty-five years for the robbery and five years for the theft. The information had charged that Collins and a companion did "employ physical force upon Viola F. Coyne & Elija Moses, to-wit: by tying them up with a telephone cord, with the purpose of committing a theft, and did have in their possession a pistol, a deadly weapon." R. 32. It also charged that they did "unlawfully and feloniously, with the purpose of depriving the true owner of her property, take unauthorized control over property belonging to Viola F. Coyne, to-wit: a firearm." *Id.* Following his imprisonment, Collins brought this action under 28 U.S.C. § 2254 (1982), alleging that the imposition of cumulative sentences violated the fifth amendment. The district court denied him relief.

## I.

The fifth amendment provides that an accused may not be put in jeopardy twice for the same offense. The Supreme Court has interpreted this protection to forbid multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In the context of cumulative sentences imposed after a single trial, however, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Garrett v. United States*, — U.S. —, 105 S.Ct. 2407, 2419, 85 L.Ed.2d 764 (1985); *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). Thus, the question here is whether the Arkansas legislature intended to proscribe cumulative punishments for aggravated robbery and theft.

The legislative intent regarding multiple punishments is expressed in Arkansas Statutes Annotated section 41–105(1)(a) (1977 Repl.), which provides: "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may * * * not be * * * convicted of more than one offense if one offense is included in the other, as defined in subsection (2)."[2] Section 41–105(2)(a) provides that one offense is included in another if "it is established by proof of the same or less than all the elements required to establish the commission of the offense charged." Collins was convicted of and punished for two crimes. The first, theft, is defined by section 41–2203(1)(a): "A person commits theft of property if he knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner

---

**1.** The Honorable Garnett Thomas Eisele, Chief United States District Judge for the Eastern District of Arkansas.

**2.** In a case like this we would ordinarily apply *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), in which the Court held that "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." The *Blockburger* test is merely a rule of statutory construction; absent a clear indication of contrary legislative intent, *see Whalen v. United States*, 445 U.S. 684, 691–93, 100 S.Ct. 1432,

1437–38, 63 L.Ed.2d 715 (1980), it is presumed that multiple punishments should not be imposed for offenses that are the same under *Blockburger*. The key to this case is the Arkansas legislature's intent regarding multiple punishments. This intent is best discovered in the plain language of section 41–105. *See Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981). Nevertheless, as will be explained in the text *infra*, each of the offenses charged here requires proof of a fact that the other does not. Thus, the result we reach is consistent with *Blockburger*.

thereof." [3] The second, aggravated robbery, is defined in section 41–2102(1)(a): "A person commits aggravated robbery if he commits robbery * * * and he is armed with a deadly weapon, or represents by word or conduct that he is so armed." "A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another." *Id.* § 41–2103(1).[4]

The issue thus narrows to whether the theft charged is included in the offense of aggravated robbery charged. Facially, it is evident that theft is not so included, because theft requires an actual transfer of control of property while robbery requires only the use of force with the *purpose* of committing a theft. A robbery conviction may stand even if no transfer of property occurs. Thus, the Arkansas Supreme Court has held that theft is not a lesser included offense of aggravated robbery for double jeopardy purposes. *Higgins v. State,* 270 Ark. 19, 21, 603 S.W.2d 401, 402 (1980); *see also Thompson v. State,* 284 Ark. 403, 407, 682 S.W.2d 742, 744 (1985) (defendant not entitled to an instruction that theft is a lesser offense included within robbery); *Hill v. State,* 276 Ark. 300, 302, 634 S.W.2d 120, 121 (1982) (defendant not entitled to an instruction that theft is a lesser offense included within aggravated robbery).

Collins argues that *Higgins* is no longer authoritative in light of *Akins v. State,* 278 Ark. 180, 644 S.W.2d 273 (1983). The court held in *Akins* that battery in the first degree was an offense included in aggravated robbery. The reason was that under the information aggravated robbery was actually included in the proof required for the battery charge. Collins argues that *Akins* requires an examination of the particular conduct to determine whether an act constitutes more than one offense for jeopardy purposes. We reject this characterization. As recently stated by the Arkansas Supreme Court, "there may not be a conviction for two separate offenses when the *statutory definition* of one criminal offense encompasses all of the *statutorily defined* elements of a lesser included offense." *Thomas v. State,* 280 Ark. 593, 595, 660 S.W.2d 169, 170 (1983) (emphasis added). *Thomas* illustrates that the proper analysis is to compare the elements in the subsections under which an accused is charged.[5] As shown above, such a compar-

---

**3.** Section 41–2203(1)(b) provides that a person commits theft if he "knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof." The language of the information shows that Collins was not charged under this subsection. Thus, we need not decide whether this definition of theft is the same offense as aggravated robbery for double jeopardy purposes.

**4.** Section 41–2102(1)(b) provides that a person commits aggravated robbery if he commits a robbery and "inflicts or attempts to inflict death or serious physical injury upon another person." The language used in the information shows that Collins was not charged under this subsection. Thus, we need not decide whether charging this form of aggravated robbery would alter our double jeopardy analysis.

**5.** The statute at issue in *Akins* and *Thomas* provided:

A person commits battery in the first degree if:

* * * * * *

(c) he causes serious physical injury to another person under circumstances manifest-

ing extreme indifference to the value of human life; or

(d) acting alone or with one or more other persons, he commits or attempts to commit a felony, and in the course of and in furtherance of the felony, or in immediate flight therefrom:

(i) he or an accomplice causes serious physical injury to any person under circumstnces manifesting extreme indifference to the value of human life; or

(ii) another person who is resisting the offense or flight causes serious physical injury to any person.

Ark.Stat.Ann. § 41–1601 (1977 Repl.) The offense charged in *Akins* was based on subsection (d), which include as an element the commission of a felony. Thus, proof of the first-degree battery by statute necessarily included proof of aggravated robbery, the underlying felony. *Thomas,* 280 Ark. at 596, 660 S.W.2d at 170. The battery charged in *Thomas* was based upon subsection (c), which did not require an underlying felony, but merely causing serious physical injury under circumstances manifesting extreme indifference to the value of human life. Thus, the court held that aggravated robbery

ison here shows that the theft offense charged is not an offense included in the aggravated robbery offense charged.

Section 41–105(2)(b) also provides that an offense is included in another if "it consists of an attempt to commit the offense charged or to commit an offense otherwise included within it." Collins argues that because robbery requires a purpose of committing a theft, robbery is the "same offense" as attempted theft. A similar argument was advanced in *King v. State,* 262 Ark. 342, 557 S.W.2d 386 (1977). The defendant argued that theft by receiving is an included offense of burglary under section 41–105(2)(b) because the burglary constituted an attempt to commit theft by receiving. The court found that this section did not apply because theft by receiving is not in the same generic class as burglary. *Id.* at 348, 557 S.W.2d at 390. The Arkansas Supreme Court recently stated that theft and robbery are not of the same generic class. *Thompson v. State,* 284 Ark. 403, 408, 682 S.W.2d 742, 745 (1985). Based on *King,* therefore, we think that

the Arkansas courts would decline to apply section 41–105(2)(b) here.

Collins is correct in asserting that this court is not bound by the Arkansas courts' conclusions regarding federal constitutional law. Nevertheless, absent legislative intent to the contrary, we are required to follow the state courts' interpretation of what constitutes a same offense under state law. *See Missouri v. Hunter,* 459 U.S. at 368, 103 S.Ct. at 679. Because the offenses for which Collins was sentenced are not the same under Arkansas law, we conclude that the state legislature intended to permit cumulative punishment for them. Thus, the double jeopardy clause has not been violated.

The judgment of the district court is affirmed.

---

and first-degree battery were not the same offense. 280 Ark. at 596–97, 660 S.W.2d at 171.

*Thomas* illustrates that whether jeopardy attaches may be contingent upon which statutory subsection a prosecutor elects to bring charges under. The Arkansas courts, however, have

sanctioned this discretion, *Cromwell v. State,* 269 Ark. 104, 598 S.W.2d 733 (1980), and Collins has not challenged this authority here.