Sterling WILLIAMS, Appellant,

v.

A.L. LOCKHART, Director Arkansas Department of Correction, Appellee.

No. 84–2381.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1985.

Decided Sept. 12, 1985.

Phil Campbell, North Little Rock, Ark., for appellant.

Jack Gillean, Little Rock, Ark., for appellee.

Before ROSS and JOHN R. GIBSON, Circuit Judges, and MEREDITH,* Senior District Judge.

---

* The HONORABLE JAMES H. MEREDITH, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

JOHN R. GIBSON, Circuit Judge.

Sterling Williams appeals from a district court order denying his petition for writ of habeas corpus brought under 28 U.S.C. § 2254 (1982). He argues that the district court erred in dismissing his claims of a denial of a speedy trial under the sixth amendment, ineffective assistance of counsel, and a double jeopardy violation. Because the district court failed to expressly consider all the claims raised, we reverse and remand for further proceedings.

Williams was arrested and charged on May 17, 1979 with aggravated robbery and theft. Over two years later, on May 20, 1981, he was found guilty on two counts of aggravated robbery and theft and sentenced to forty-years' imprisonment. He appealed to the Arkansas Supreme Court, alleging that the post-arrest delay violated his rights under a state speedy-trial rule. A divided court affirmed the conviction. *Williams v. State*, 275 Ark. 8, 627 S.W.2d 4 (1982) (4–3 decision). He then sought state post-conviction relief on three grounds: first, that his conviction and sentencing for aggravated robbery and theft violated the double jeopardy clause; second, that the charges against him should have been severed for trial; and third, that he received ineffective assistance of counsel on his direct appeal. The court denied relief. *Williams v. State*, No. CR 81–86 (Ark. Apr. 9, 1984) (unpublished per curiam).

Williams then filed this petition for habeas corpus relief, alleging denial of a speedy trial, ineffective assistance of counsel, and a double jeopardy violation. The case was referred to a magistrate, who drafted an order that was submitted to the court and the parties. No evidentiary hearing was held, nor was the state record examined. The district court denied Williams's petition.

## I.

■ Williams alleged in his petition that he was denied a "fast and speedy trial."

The face of the complaint is uninstructive as to whether his claim is based on state or federal law. Nevertheless, in a later pro se filing styled as a "Traverse to the Return," he indicated reliance on Arkansas and federal law.[1]

### A.

Williams was arrested and charged on May 17, 1979, yet was not tried until May 20, 1981. A few days before trial, his counsel moved for dismissal based on Ark. R.Crim.P. 28.1 (1977). Rule 28.1(b) provided that a "defendant charged with an offense in circuit court and held to bail or otherwise lawfully set at liberty, shall be brought to trial before the end of the third full term of court" from the time provided in Rule 28.2, excluding the periods authorized by Rule 28.3. Rule 28.2(a) provides that the time generally commences upon charging. The motion was denied and Williams was convicted. On appeal, he raised the issue before the Arkansas Supreme Court, which related the facts as follows:

[T]he appellant was arrested and charged on May 17, 1979; on June 5, an attorney was appointed to represent him; on July 16, he was released upon his own recognizance; on August 27, 1980, the court set his trial for November 28, 1980; on October 17, 1980, appellant's counsel filed a motion to be permitted to withdraw, stating that appellant had failed to cooperate with him in his efforts to represent him; on December 1, 1980, the court granted the attorney's motion to withdraw, apparently incarcerated the appellant, and gave him until January 5, 1981, to secure counsel. On that date appellant, not having secured counsel, was given until February 2, 1981, to do so. Not having an attorney by this date, the court appointed present counsel. The trial was rescheduled for and held on

1. It seems that Williams's federal speedy-trial claim was not presented to the Arkansas courts. Ordinarily, we would not consider such an unexhausted claim. Under Arkansas procedural rules, however, it would be futile to send

Williams back to state court because he may not raise this claim in a subsequent petition. *See Beavers v. Lockhart*, 755 F.2d 657, 660 (8th Cir. 1985). Thus, we conclude that he has sufficiently exhausted his state remedies.

May 20, 1981. A few days before trial, appellant's present court appointed counsel sought dismissal of the charges asserting the trial date exceeded three full terms. He insisted that, although the appellant had been absent from the state, his absence violated no court order and that he had always been available for trial purposes. The appellant testified that he had returned to the state a short time before his scheduled trial date in November, 1980. The state responded that appellant had been absent from the state from October, 1979, until December, 1980; his whereabouts were unknown to the prosecuting attorney and to his own attorney; he had failed to respond to the requests of his then attorney; on December 1, 1980, this attorney was permitted to withdraw upon his own motion since he had been unable to contact the defendant; and the court jailed the appellant because he had fled the state.

*Williams v. State,* 275 Ark. at 9–10, 627 S.W.2d at 4–5. In a 4–3 decision, the court held that the rule had not been violated.

> Appellant's trial was conducted 79 days following the expiration of three full terms of court. We are of the view that the period of time from October 17, 1980, when his attorney asked for permission to withdraw because of appellant's failure to cooperate in the preparation of his defense, until February 2, 1981, when present counsel was appointed, should be excluded from the three term requirement and chargeable to the appellant. It is true that counsel's motion to withdraw was not granted until December 1, 1980; however, it is quite evident that the appellant's scheduled trial on November 28 could not have been held in view of the conflict between appellant and his appointed counsel, resulting in the necessity of appointing new defense counsel.

*Id.* at 10, 627 S.W.2d at 5.

The district court relied primarily on the Arkansas Supreme Court's opinion. No ev-identiary hearing was held, nor was the state court record examined. The court set out a portion of the opinion highlighted above and concluded:

> The Arkansas Supreme Court determined that petitioner was tried 79 days beyond the permissible time period, but went on to find that because of his failure to cooperate, the 108 days between the filing of the motion to withdraw and the appointing of a second attorney was chargeable to petitioner and was excludable from the three-term requirement. The factual determination is entitled to the presumption of correctness and cannot be disturbed absent a showing that it was clearly erroneous or that one of the factors enumerated in 28 U.S.C. § 2254(d) was applicable. *Sumner v. Mata,* 449 U.S. 539 [101 S.Ct. 764, 66 L.Ed.2d 722] (1981). No such showing has been made, and the determination of the Arkansas court is not clearly erroneous.

*Williams v. Lockhart,* No. PB–C–84–304, slip op. at 6 (E.D.Ark. Oct. 11, 1984). The district court seems to have decided only that Williams was not denied a speedy trial under Arkansas law. Such a determination, however, is by itself of little consequence in a proceeding to test the legality of confinement under federal law.

**B.**

 The significant question is whether the post-arrest delay violated the federal Constitution. In this context, compliance with state law does not necessarily mean that the sixth amendment has been satisfied. *See Wallace v. Lockhart,* 701 F.2d 719, 729 (8th Cir.1983).[2] Rather, a federal court is bound to apply the test articulated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), a non-exhaustive list of four factors that should be balanced: the length of the delay, the rea-

---

**2.** In *Matthews v. Lockhart,* 726 F.2d 394 (8th Cir.1984), the court found that the compliance with state law supported only a conclusion that a presumptively prejudicial delay would not warrant automatic dismissal of an indictment. It went on to determine whether federal standards had been satisfied. *Id.* at 396.

son for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2191.

 The delay here was over two years. Such tardiness is presumptively prejudicial and thus mandates inquiry into the other factors. *See Matthews v. Lockhart,* 726 F.2d 394, 396 (8th Cir.1984) (seventeen-month delay). The district court, however, did not consider these factors. The record, limited as it is, shows that the third factor may weigh in Williams's favor. While his speedy-trial claim was asserted only several days before his case was tried, it appears from the record that he was without counsel for a significant period of time. In addition, alleged conflicts with original appointed counsel raise questions about whether he was in a position to assert his speedy trial rights during the months immediately following his arrest.

The facts surrounding the reason for the delay and alleged prejudice are vague. Williams has alleged that the delay hindered his defense because of the intervening death and relocation of several witnesses. He also claims that he was prejudiced by the personal anxiety that resulted from the delay. The reasons for the delay are hinted at in the state supreme court's opinion, which focused on Williams's conduct as a cause. Because no state court record has been produced, though, we cannot evaluate the correctness of the supreme court's conclusions or Williams's contention that the opinion contains factual errors. Two circumstances surrounding the delay cause concern. First, Williams's trial was initially set for August 1980, fifteen months following the arrest. He alleges, albeit in a conclusory fashion, that this delay was a deliberate action by the state to gain a tactical advantage. Second, a considerable part of the delay was caused by Williams's inability to retain substitute counsel. He alleges that the trial court unjustifiably delayed in granting his request for appointed counsel.

Williams's allegations may not support his claim for habeas relief. Unfortunately, we have almost no basis upon which to evaluate its merits. The district court did not hold a hearing, review the state court record, or even decide this issue. In *Morris v. Wyrick,* 516 F.2d 1387 (8th Cir.1975), the court held that generally a district court must grant an evidentiary hearing to a habeas petitioner when there is a factual dispute not resolvable on the pleadings or the record. In considering the *Barker* test, the court in *Morris* was incapable of ascertaining from the record the reasons for delay. The court declined to order an evidentiary hearing, however, because it was convinced as a matter of law that no speedy-trial violation could be proven for lack of prejudice. *Id.* at 1392.

In *Morris* the state supreme court had applied the *Barker* standard in denying the petitioner's claim. *State v. Morris,* 501 S.W.2d 39, 41–42 (Mo.1973). In the instant case, however, the state court did not apply *Barker.* Most importantly, the court did not reach any of Williams's claims regarding prejudice. Nor did the court examine reasons for delay in the defendant's assertion of his speedy trial right.[3] Moreover, the *Morris* court was able to find lack of prejudice as a matter of law. Absent prejudice, a court could conclude that no relief is justified despite the reasons for the delay. The converse, however, is not true. While we have some idea about the reasons for the delay here, we cannot say that these reasons preclude relief as a matter of law regardless of the degree of prejudice. Thus, it is appropriate that the case be remanded for an evidentiary hearing on this claim. *See also United States v. Anderson* 621 F.2d 292, 294 (8th Cir.1980) (remand for evidentiary hearing necessary where evidence was lacking concerning reason for delay and resultant prejudice).

## II.

Williams also contends that he received ineffective assistance of counsel. His peti-

---

**3.** Consequently, there are no findings in this respect that must be presumed correct under 28

U.S.C. § 2254(d) (1982).

tion alleged this claim only with respect to his state direct appeal, while subsequent filings reflect allegations that trial counsel was deficient as well. The district court denied relief on the former ground and apparently did not consider the latter.

## A.

Williams's first allegation of ineffective assistance relates to his counsel's actions in connection with his direct appeal in state court. This claim was rejected by the Arkansas Supreme Court in post-conviction proceedings. *Williams v. State*, No. CR 81–86, slip op. at 2 (Ark. April 9, 1984) (unpublished per curiam). In this proceeding Williams had alleged that counsel was deficient in failing to communicate with him regarding his direct appeal and in failing to seek rehearing after the unfavorable appellate decision. The court found no ground alleged that would have justified rehearing and concluded that counsel's actions had not prejudiced Williams. *Id.* The district court reached similar conclusions. Applying the two-part test from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the court concluded that no prejudice occurred because Williams's state speedy-trial claim had no merit. The court also concluded that counsel's failure to seek a rehearing was not ineffective assistance.

■ The district court seems to have concluded that since the Arkansas court denied relief on the speedy trial claim, any error by counsel could not have been prejudicial. This reasoning begs the question of whether counsel should or could have engaged in conduct that would have raised a reasonable probability of a different deci-

sion in the Arkansas Supreme Court. *See id.* Nevertheless, we conclude that Williams has failed to allege facts that support a claim of prejudice. He has made only a general allegation that the failure to communicate impaired the chance of a successful appeal. No effort was made to supplement this allegation after the original petition was filed.[4] In addition, we agree with the district court that failure to seek rehearing is not grounds for relief. We affirm the dismissal of the ineffective appellate assistance claim.

## B.

■ The district court did not address the claims regarding ineffective assistance at the trial level.[5] Although this specific claim was not raised in the initial pleading, it was addressed in later filings in detail. Given that Williams was proceeding pro se, his later filings should be treated as amending the pleadings. Because this case must be remanded on the speedy-trial issue, the district court should consider the trial assistance claims at that time. We leave to the district court to decide whether 28 U.S.C. § 2254(d) (1982) requires an evidentiary hearing on this matter. *See Edgemon v. Lockhart*, 768 F.2d 252, 255–256 (8th Cir.1985).

## III.

■ Finally, Williams claims that his fifth amendment double jeopardy rights were violated by his conviction and concurrent sentencing for theft and aggravated robbery. On remand, the court should reconsider this issue in light of *Collins v. Lockhart*, 771 F.2d 1580 (8th Cir.1985).[6]

---

4. Petitioner received the magistrate's proposed opinion and filed no supplementation regarding prejudice on the ineffective appellate assistance claim.

5. This allegation was not presented to the state courts. Nevertheless, it should be deemed exhausted at this point. *See supra* note 1.

6. The Arkansas Supreme Court denied post-conviction relief on this ground, *supra* at 477, and this denial is given great deference in a double

jeopardy claim based on multiple punishments. *Collins*, at 1583. Nevertheless, nowhere does the record show the statutory subsections under which Williams was charged. We cannot say that no combination of charges under the statutes at issue could violate the prohibition against multiple punishments. *See id.* at 1582 n. 3, 1582 n. 4. On remand the district court should analyze the crimes charged as the court did in *Collins*.

The case is remanded for further proceedings consistent with this opinion.