**Reginald W. ROBINSON, Appellant,**

v.

**A.L. LOCKHART, Director, Appellee.**

**No. 86–1562.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1987.

Decided July 7, 1987.

the district court erred in dismissing his claims without an evidentiary hearing. He asserts that he was denied the effective assistance of counsel during the course of his state court judicial proceedings and that his guilty plea was not the product of his free and willing choice but was induced by misrepresentations made by his counsel. Robinson also contends that his conviction for both aggravated robbery and battery in the first degree violates his constitutional protection against being placed in double jeopardy. We affirm the district court's determination as to the double jeopardy claim, but remand to the district court for an evidentiary hearing on whether Robinson received effective assistance of counsel in the state court proceedings and whether his guilty plea was involuntary due to counsel's erroneous sentencing information.

On January 2, 1982, Robinson, together with a woman companion and a child, entered a K–Mart store in Little Rock, Arkansas. Upon Robinson's exit, he was asked to stop by store security personnel and was accused of shoplifting. When the security guard demanded that Robinson return inside the store, Robinson resisted. In the ensuing struggle, Robinson injured one security guard with a knife, while pushing a second through a store window. Robinson was taken into custody and charged with aggravated robbery, battery in the first degree, and battery in the second degree.

In a hearing held the following day, Robinson was approached by attorney John Achor, who entered a plea of not guilty for Robinson and entered himself as counsel of record. Achor then involved a Dr. J. Cooley to intercede with the court on Robinson's behalf.[1]

On April 6, 1982, Achor appeared with Robinson before the state circuit court, where Robinson changed his plea from not guilty to guilty. During the change of plea hearing, Achor indicated to the court that there was an agreement for a presentence

Lester C. Nail, Little Rock, Ark., for appellant.

Jack Gillean, Asst. Atty. Gen., Little Rock, for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Reginald W. Robinson appeals from the judgment of the district court denying his petition for habeas corpus brought under 28 U.S.C. § 2254 (1982). He argues that

---

1. Dr. J. Cooley, who in the record has been referred to as "Doctor," "Reverend," and "Lt. Col.," is apparently well known in Little Rock for his work with the criminal justice system. It is impossible to ascertain from the record just what his role was in the present case or whether he illegally practiced law without a license by accepting payment for drafting Robinson's motion for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

report "because Reverend Cooley has been very interested" in Robinson. Achor also stated that in addition to furnishing a report on Robinson, Dr. Cooley would probably be present at the sentencing. Dr. Cooley did not appear at the sentencing. He did submit, in the sentencing court's words, "a bunch of stuff," which the trial court had read prior to the sentencing hearing. After quoting extensively from a psychiatric social worker's report, apparently prepared at the request of Achor and Dr. Cooley, the trial court imposed sentences of twenty years for aggravated robbery and twenty years for first degree battery, to run consecutively, together with a sentence of three years for second degree battery, to run concurrently.

After exhausting his state court postconviction remedies, Robinson filed this pro se petition in district court for habeas corpus relief. The district court denied relief without holding an evidentiary hearing.[2] On appeal, Robinson argues that the district court erred in holding that his conviction for both aggravated robbery and first degree battery did not violate the fifth amendment and in dismissing his ineffective assistance and involuntary guilty plea claims without an evidentiary hearing.

### I.

Robinson argues that his conviction for both aggravated robbery and battery in the first degree constitute multiple punishment for a single offense and, therefore, violates the double jeopardy clause of the fifth amendment. Both the Arkansas Supreme Court, *Robinson v. State*, No. CR 84–70 [Available on WESTLAW, AR–CS database], and the federal district court rejected this claim.

The fifth amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This guarantee "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct.

2072, 2076, 23 L.Ed.2d 656 (1969). "In the context of cumulative sentences imposed after a single trial, however, 'the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *Collins v. Lockhart*, 771 F.2d 1580, 1581 (8th Cir.1985) (quoting *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 2419, 85 L.Ed.2d 764 (1985)). The question therefore is whether the Arkansas legislature intended to proscribe cumulative punishments for aggravated robbery and battery in the first degree. *Collins*, 771 F.2d at 1581.

The legislative intent regarding multiple punishments is expressed in Ark.Stat.Ann. § 41–105(1)(a) (Repl.1977), which states in part:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(a) one offense is included in the other, as defined in subsection (2); * * *

\* \* \* \* \* \*

(2) * * * An offense is so included if: (a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; * * *.

*See also Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (two offenses are not the same if one requires proof of a fact that the other does not). The Arkansas Supreme Court has interpreted this statute to "provide that there may not be a conviction for two separate offenses when the statutory definition of one criminal offense encompasses all of the statutorily defined elements of a lesser included offense." *Thomas v. State*, 280 Ark. 593, 660 S.W.2d 169, 170 (1983). *See also Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980) (*Blockburger* test focuses on the

---

**2.** It did, however, find that Robinson had met the exhaustion requirement of 28 U.S.C. § 2254(b).

statutory elements of the offenses, rather than the evidence presented at trial). Although we are not bound by the Arkansas court's conclusions regarding federal constitutional law, "absent legislative intent to the contrary, we are required to follow the state courts' interpretation of what constitutes a same offense under state law." *Collins,* 771 F.2d 1580, 1583.

The question is whether the statutory definition of aggravated robbery encompasses all of the statutorily-defined elements of first degree battery.

■ An individual commits aggravated robbery in Arkansas if he (1) commits robbery, and (2) is armed, or represents that he is armed, with a deadly weapon, or inflicts, or attempts to inflict, death or serious physical injury. Ark.Stat.Ann. § 41–2102 (Supp.1985). A person commits robbery "if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another." Ark.Stat.Ann. § 41–2103(1) (Repl. 1977). Battery in the first degree is distinguishable from this offense in that the battery offense (1) requires serious physical injury to another, while aggravated robbery does not, and (2) aggravated robbery requires the purpose of committing robbery while being armed with a deadly weapon, or the representation that one is so armed, while first-degree battery, by statutory definition, requires neither of these two elements. Ark.Stat.Ann. § 41–1601 (Repl.1977).[3]

This conclusion is in accord with Arkansas law. *See Thomas v. State,* 280 Ark. 593, 660 S.W.2d 169 (1983); *Foster v. State,* 275 Ark. 427, 631 S.W.2d 7 (1982). In *Thomas* the court affirmed convictions for aggravated robbery and first degree battery despite defendant's double jeopardy contention. The court stated that each offense by statutory definition required proof of a fact which is not required by the other. *Thomas v. State,* 660 S.W.2d at 171.

Had Robinson been charged under section (1)(d) of § 41–1601, his claim of double jeopardy might have merit. *See Thomas v. State,* 660 S.W.2d at 171. It appears, however, that Robinson was charged under section (1)(c) of § 41–1601 and that therefore no double jeopardy violation occurred. *Id.*

## II.

Robinson alleges that he was denied the effective assistance of counsel during his state court proceedings. He points to counsel's failure to object to the admission of a negative evaluation of the psychiatric social worker relied upon by the trial court at Robinson's sentencing hearing and to counsel's inadequate preparation and investigation into the circumstances surrounding the case.

Robinson also alleges that his guilty plea was involuntary as a result of the ineffective assistance of counsel in that defense counsel misrepresented to him the sentence he would receive in exchange for his plea of guilty. Under Arkansas law there can be no probation or suspended sentence upon a conviction for aggravated robbery. Ark.Stat.Ann. § 41–1201(1) (Repl.1977), § 41–2102(4) (Supp.1985). Robinson claims, however, that counsel informed him that he would receive a twenty-five year suspended sentence and treatment through

---

**3.** Ark.Stat.Ann. § 41–1601 provides in part:

(1) A person commits battery in the first degree if:

(a) with the purpose of causing serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon; or

(b) with the purpose of seriously and permanently disfiguring another person, or of destroying, amputating or permanently disabling a member or organ of his body, he causes such an injury to any person; or

(c) he causes serious physical injury to another person under circumstances manifest-

ing extreme indifference to the value of human life; or

(d) acting alone or with one or more other persons, he commits or attempts to commit a felony, and in the course of and in furtherance of the felony, or in immediate flight therefrom:

(i) he or an accomplice causes serious physical injury to any person under circumstances manifesting extreme indifference to the value of human life; or

(ii) another person who is resisting the offense or flight causes serious physical injury to any person.

a mental health center if he would plead guilty to both charges.

■ Prior to oral argument, we granted Robinson's motion to supplement the record. Counsel for the state conceded during oral argument that this new evidence, which consists in part of letters from Dr. Cooley, raises concern sufficient to justify an evidentiary hearing in the district court. Based on the supplemented record and the state's concession, we conclude that we should remand the case to the district court for an evidentiary hearing on both of Robinson's ineffective assistance claims.

We therefore remand to the district court for further proceedings consistent with this opinion.[4]

BRIGHT, Senior Circuit Judge, concurring.

I concur. I add one comment regarding Robinson's federal double jeopardy claim, however.

Ark.Stat.Ann. § 41–105(1)(a) (Repl.1977) prohibits a suspect's conviction of more than one offense if one offense is included in the other, in that "it is established by proof of the same or less than all the elements required to establish the commission of the offense charged." I note that the record on Robinson's guilty plea does not disclose whether or not the actual proof of Robinson's commission of aggravated robbery and battery presented at the state trial fell within this restriction. This issue may be open for consideration by the district court.

---

**4.** Robinson's present counsel, who was appointed on appeal, agreed at oral argument to continue his representation on remand. We express our appreciation for his efforts on Robinson's behalf and appoint him to represent Robinson in the district court.