David McELYEA *v.* STATE of Arkansas

CR 04-771                                                     200 S.W.3d 881

Supreme Court of Arkansas
Opinion delivered January 6, 2005

[Rehearing denied February 17, 2005.]

*Charles L. Stutte*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

Jim Hannah, Chief Justice. David McElyea appeals his conviction for robbery. In this case, McElyea was convicted of

robbery by the use of physical force in resisting apprehension for theft, and he asserts that his conviction must be reversed because the State failed to prove all the elements of the crime. Specifically, McElyea argues that the State failed to prove that he purposefully struck Wal-Mart employee Derek Brown to effect his escape. We hold that the facts presented to the jury showing that McElyea purposefully used physical force in resisting apprehension were sufficient to allow the jury to decide the issue of intent.

McElyea appealed to the Arkansas Court of Appeals, which affirmed. *See McElyea v. State*, 87 Ark. App. 103, 189 S.W.3d 67 (2004). We granted the State's petition for review of this decision, pursuant to Ark. Sup. Ct. R. 2-4. When we grant review following a decision by the court of appeals, we review the case as though it had been originally filed with this court. *Porter v. State*, 356 Ark. 17, 145 S.W.3d 376 (2004).

*Standard of Review*

By asserting that the circuit court erred in failing to require sufficient proof of intent, McElyea challenges the sufficiency of the evidence. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Moore v. State*, 355 Ark. 657, 144 S.W.3d 260 (2004). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State, and only evidence supporting the verdict will be considered. *Id.*

*Facts*

McElyea admits that he is guilty of theft. On January 7, 2003, McElyea put two water purifiers and a bottle of hand lotion in his coat and left a Wal-Mart store without paying for the items. Wal-Mart employee Brown observed McElyea conceal the merchandise inside his coat, and then followed McElyea outside the store where he confronted McElyea. Brown identified himself as a Wal-Mart loss prevention employee, showed McElyea his badge, and asked that the merchandise be returned. McElyea took one purifier out, handed it to Brown or dropped it on the ground, and started to leave. Brown told McElyea he had to return to the store

to fill out paperwork. McElyea then attempted to leave by stepping around Brown. Brown grasped McElyea by the coat sleeve and an altercation ensued during which McElyea struck Brown in the face in an attempt to free himself from Brown's attempt to apprehend him. Brown was struck hard enough to leave a red mark and to make his eyes water. McElyea then escaped and was later arrested by police.

### Robbery

In this case, "[a] person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs . . . physical force upon another." Ark. Code Ann. § 5-12-102 (Repl. 1997). What makes theft robbery is the use of force. As this court noted in *Jarrett v. State*, 265 Ark. 662, 580 S.W.2d 460 (1979), in adopting the criminal code in 1975, the primary emphasis in robbery changed from the taking of property to "the threat of physical harm to the victim." *Jarrett*, 265 Ark. at 664. Where in resisting apprehension for theft a person employs physical force or threatens the use of physical force to avoid apprehension, a robbery is committed. *Jarrett*, 265 Ark. at 665.

Criminal liability in this case was submitted to the jury where the evidence showed that McElyea used physical force in striking Brown in the face as a means to resist apprehension for theft.

The circuit court instructed the jury as follows:

> Robbery. To sustain this charge the State must prove beyond a reasonable doubt that with the purpose of committing a theft or resisting apprehension immediately thereafter, David McElyea employed or threatened to immediately employ physical force upon another. Physical force means any bodily impact, restraint, or confinement. Purpose. A person acts with purpose with respect to his conduct when it is his conscious object to engage in the conduct.

The jury could have rejected this interpretation of the facts but did not do so.

Physical force is defined as "any bodily impact, restraint, or confinement or the threat thereof." Ark. Code Ann. § 5-12-101 (Repl. 2002). In *Becker v. State*, 298 Ark. 438, 768 S.W.2d 527 (1989), Becker struck an officer and started off for the door. A fight followed in which Becker was subdued. Becker was found guilty

of robbery by using force in resisting apprehension for theft. A robbery conviction was also affirmed by the court of appeals in *White v. State*, 271 Ark. 692, 610 S.W.2d 266 (Ark. Ct. App. 1981), where a shoplifter "rammed" a store employee from behind who was attempting to lock a door to stop White's flight, and where she struggled with employees to escape. In *Jarrett, supra*, Jarrett broke free of the attempt to place restraints on him and engaged in a fight with an officer attempting to arrest him. In *Wilson v. State*, 262 Ark. 339, 556 S.W.2d 657 (1977), physical force transforming theft to robbery was found where the defendant broke loose from restraints of an arresting officer and engaged in a fight with the officer.

In the case before us, McElyea was confronted and accused of shoplifting. He was asked to return to the store, and when he tried to leave, Brown grasped his coat. McElyea responded by striking Brown in the face to avoid apprehension and escape. Brown suffered a red mark on his face that made his eyes water. McElyea did escape. There was substantial evidence that McElyea purposefully used physical force to resist apprehension, and the issue was properly submitted to the jury.

Affirmed.

GUNTER, J., not participating.