2009 Ark. 321

**Terry Don MATTHEWS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–1270.**

Supreme Court of Arkansas.

May 28, 2009.

Phillip A. McGough, P.A., by: Phillip A. McGough, North Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Valerie Glober Fortner, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice.

Appellant Terry Don Matthews appeals from his conviction for aggravated robbery and his sentence to a term of thirty years' imprisonment. His sole point on appeal is that the circuit court erred in refusing to give his proffered jury instruction on aggravated assault. We accepted certification of this case from the court of appeals because it involves a significant issue needing clarification or development of the law or overruling precedent. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(5) (2009). We affirm.

On October 23, 2007, Jarvis Young, an employee of Domino's Pizza, was making a delivery to the home of Craig Boyd in Texarkana, Arkansas. As Young pulled up to the residence, he noticed a man, whom he later identified as Matthews, staggering down the street. Young asked Matthews if he needed assistance, and Matthews told him he had a gun and demanded his money and vehicle. Young ignored Matthews and went to the Boyd residence to make the delivery. As Young was waiting for Boyd to pay, he saw Matthews get into the delivery vehicle. Young went to confront Matthews, and Matthews told Young he had a gun and would shoot him if he did not give him money or the vehicle. Boyd noticed the altercation and walked outside, holding a flashlight and what he referred to as a "headache tool," which was a piece of pipe with a doorknob taped to it. Matthews walked into Boyd's yard and threatened to shoot him. Boyd then struck Matthews in the head with the "headache tool," and Matthews fled the scene.

Texarkana Police Department Officer Wayne Easley arrived at the scene shortly thereafter and ultimately located Matthews being treated at a local hospital. Sergeant William Barr of the Texarkana Police Department testified that he went to the hospital and took pictures of Matthews and his injuries. Young later identified Matthews from a photo as his assailant.

Matthews was arrested and charged with aggravated robbery. At trial, Matthews contended that aggravated assault is a lesser-included offense of aggravated robbery and, accordingly, at the close of all evidence, he proffered an aggravated-assault instruction. The circuit court refused the instruction and ruled that the proof in the case did not justify giving the instruction for aggravated assault. Accordingly, the jury was given only the instruction for aggravated robbery. Matthews was convicted by a jury of aggravated robbery and sentenced, as a habitual offender, to a term of thirty years' imprisonment. He now brings this appeal.

Matthews contends that the circuit court erred in refusing to instruct the jury on aggravated assault. The State responds that, because aggravated assault is not a lesser-included offense of aggravated robbery, the circuit court correctly refused Matthews's proffered instruction.

The determination of whether an offense is a lesser-included offense of another is governed by Arkansas Code Annotated section 5–1–110(b) (Supp.2007). An offense is included in an offense charged if the offense:

(1) Is established by proof of the same or less than all of the elements required to establish the commission of the offense charged;

(2) Consists of an attempt to commit the offense charged or to commit an offense otherwise included within the offense charged; or

(3) Differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission.

*Id.* An offense must meet one of the three tests of section 5–1–110(b) to be considered as a lesser included. *McCoy v. State,* 347 Ark. 913, 69 S.W.3d 430 (2002).

A robbery is committed if a person employs or threatens to immediately employ physical force upon another person, with the purpose of committing theft or resisting apprehension immediately after committing theft. Ark.Code Ann. § 5–12–102(a) (Repl.2006). A robbery becomes aggravated robbery if the person is armed with a deadly weapon, represents by word or conduct that he or she is armed with a deadly weapon, or inflicts or attempts to inflict death or serious physical injury upon another person. Ark.Code Ann. § 5–12–103 (Repl.2006).

"A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person or displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person." Ark.Code Ann. § 5–13–204(a)(1) and (2) (Repl.2006). "A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result." Ark.Code Ann. § 5–2–202(1) (Repl.2006).

■ Aggravated assault is not a lesser-included offense of aggravated robbery pursuant to section 5–1–110(b)(1) because the two offenses require different elements of proof. Aggravated assault requires proof of circumstances "manifesting extreme indifference to the value of human life," whereas aggravated robbery does not require such proof. In addition, aggravated robbery contains an element of intent to commit theft; this element is not required

to commit aggravated assault. Aggravated assault is not a lesser-included offense of aggravated robbery pursuant to section 5–1–110(b)(2) because aggravated assault does not consist of an attempt to commit aggravated robbery or an offense otherwise included within aggravated robbery, such as robbery. Finally, aggravated assault is not a lesser-included offense of aggravated robbery pursuant to section 5–1–110(b)(3) because, as explained above, aggravated assault does not differ from aggravated robbery only in the respect that a less serious injury or risk of injury to the same person suffices to establish the offense's commission. Further, it does not differ only in the respect that a lesser kind of culpable mental state suffices to establish the offense's commission. In sum, pursuant to section 5–1–110(b), aggravated assault is not a lesser-included offense of aggravated robbery.

Despite the fact that aggravated assault is not a lesser-included offense under the statute, Matthews points out that in *Bishop v. State,* 294 Ark. 303, 742 S.W.2d 911 (1988), we concluded that aggravated assault was a lesser-included offense of aggravated robbery because "the two offenses overlap[ped]." *Id.* at 309, 742 S.W.2d at 915. While we cited Arkansas Code Annotated section 5–1–110(b) (1987) in *Bishop,* we did not perform an analysis under that statute, and we recognize that we erred in failing to do so. Again, an offense must meet one of the three tests of section 5–1–110(b) to be considered a lesser-included offense. *McCoy, supra.* To the extent that *Bishop* is in conflict with this opinion, we overrule it. We hold that the circuit court did not err in refusing to instruct the jury on aggravated assault.

Affirmed.