

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-15-113

| | | |
|---|---|---|
| STANLEY NELSON | APPELLANT | **Opinion Delivered** December 9, 2015 |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. CR2013-3271] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE WENDELL GRIFFEN, JUDGE |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

A Pulaski County jury convicted Stanley Nelson of first-degree battery and second-degree murder and sentenced him to thirty-five years' imprisonment for second-degree murder and eleven years' imprisonment for first-degree battery. Nelson appeals his conviction and argues that the circuit court erred when it (1) rejected his ineffective-assistance-of-counsel claim; (2) failed to correct the jury instructions; and (3) admitted into evidence the prosecutor's report of his prior conviction at the sentencing stage. We affirm.

On October 7, 2013, the State charged Nelson with first-degree murder of Latravis Morant and first-degree battery of Sedrick Green, along with a firearm enhancement and an in-the-presence-of-children enhancement. The court held a jury trial from October 21 through October 24, 2014.[1]

---

[1]The State also charged Nelson with possession of a firearm by certain persons, but that charge was severed.

The testimony at trial showed that, on August 14, 2013, Nelson, Green, and Morant were drinking alcohol and playing a dice game with Nelson's cousin, Courtney Marshall, when a physical fight developed between Green and Marshall. The testimony reflected that the fight began when Marshall poked Green in the face and Green punched him in response. Nelson then grabbed a gun from Marshall's waistband and began shooting. Morant was shot in the abdomen while trying to intervene in the fight. He later died at the hospital. Nelson shot Green while Green was on the ground fighting Marshall. Green survived his injuries.

During the trial, the court held two jury-instruction conferences on October 22 and October 23, 2014. At the October 23, 2014 conference, the parties agreed to instruct the jury on the defense of justification for the battery charge. Nelson's counsel prepared the instruction:

> Stanley Nelson asserts a defense to the charge of battery in the first degree, that deadly physical force was necessary to defend himself or Courtney Marshall. This is a defense only if:
>
> First: Stanley Nelson reasonably believed that Sedrick Green was committing or about to commit battery in the second degree, with force or violence; or Stanley Nelson reasonably believed that Sedrick Green was using or about to use unlawful deadly physical force; and
>
> Second: Stanley Nelson only used such force which he reasonably believed to be necessary.
>
> A person is not justified in using deadly physical force if he knows that the use of deadly physical force can be avoided with complete safety by retreating. However, he is not required to retreat if he is in his dwelling or on the curtilage surrounding the person's dwelling and was not the original aggressor.
>
> Stanley Nelson, in asserting this defense, is required only to raise a reasonable doubt in your minds. Consequently, if you believe that this defense has been shown to exist, or if the evidence leaves you with a reasonable doubt to the guilt of Stanley Nelson, then you must find him not guilty.
> . . . .

DEFINITIONS

. . . .

"Battery in the second degree" means Sedrick Green with the purpose of causing *serious* physical injury to Courtney Marshall causes serious physical injury to Courtney Marshall.

(Emphasis added.)

Following the conclusion of the testimony, the court instructed the jury with the stipulated justification-defense instruction for the battery charge. The jury deliberated and convicted Nelson of second-degree murder and first-degree battery.[2]

The court then held a sentencing hearing. At the hearing, the State proffered the prosecutor's report from Nelson's prior conviction of unlawful discharge of a firearm from a vehicle. Nelson objected to the entry of the report and argued that the report was duplicative because the victim testified about the nature of the crime at the hearing. Nelson further asserted that the report was hearsay. The court overruled the objection and admitted the report into evidence. The jury then sentenced Nelson to thirty-five years' imprisonment for second-degree murder and eleven years' imprisonment for first-degree battery. The court entered a sentencing order on October 31, 2014, and an amended sentencing order on November 5, 2014.

On November 11, 2014, Nelson filed a motion for a new trial and asserted a claim for ineffective assistance of counsel. He pointed out that the justification-defense instruction that his counsel proffered and that the court provided to the jury incorrectly stated that second-degree battery requires a purpose to cause *serious* physical injury. He noted that second-degree

---

[2] The jury was also instructed on a justification defense for the murder charge; however, that instruction is not at issue on appeal.

battery requires the mental state of purpose to cause only physical injury. Nelson argued that such error amounted to an ineffective-assistance-of-counsel claim and asked the court to set aside the jury verdict. On November 19, 2014, the court held a hearing on the motion, and on November 25, 2014, the court denied it. The court found that Nelson had failed to establish that the flawed instruction prejudiced him and thus he could not prevail on an ineffective-assistance-of-counsel claim. Following the entry of the court's order, Nelson then filed this appeal.

On appeal, Nelson first argues that the circuit court erred in rejecting his ineffective-assistance-of-counsel claim as to the first-degree battery conviction. As Nelson notes in his brief, the criteria for assessing the effectiveness of counsel were enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), which provides that when a convicted defendant complains of ineffective assistance of counsel he must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the trial would have been different. Accordingly, a defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Id.*; *Thomas v. State*, 330 Ark. 442, 954 S.W.2d 255 (1997) (adopting *Strickland*).

Despite this two-fold requirement from *Strickland*, Nelson argues that the circuit court erred in requiring him to prove prejudice because the erroneous jury instruction here is analogous to the flawed instruction in *Reynolds v. State*, 341 Ark. 387, 18 S.W.3d 331 (2000).[3]

---

[3] The parties do not dispute that Nelson's counsel's performance was deficient.

Nelson contends that *Reynolds* eliminated the prejudice requirement from *Strickland* in cases where a flawed jury instruction constitutes a fundamental structural error of the trial mechanism. The State denies that *Reynolds* eliminated the prejudice requirement from *Strickland* and asserts that Nelson must prove prejudice to establish an ineffective-assistance-of-counsel claim.

We need not address whether *Reynolds* eliminated the prejudice requirement from *Strickland* because we hold that the flawed jury instruction in this case is distinguishable from the *Reynolds* instruction. In *Reynolds*, our supreme court found counsel ineffective and reversed a first-degree murder conviction because counsel failed to object to an erroneous instruction that allowed the jury to convict the defendant of first-degree murder based on the elements of second-degree murder. *Id.* Our supreme court found that the erroneous instruction relieved the State of its "responsibility to prove beyond a reasonable doubt every element of the crime." *Id.* at 295, 18 S.W.3d at 337.

In this case, the court properly instructed the jury on the elements of first-degree battery, the crime that the jury convicted Nelson of; the instruction was flawed only as to the definition of second-degree battery within the justification-defense instruction. The United States Supreme Court has held that misstatements and omissions on a single element of an offense are not structural errors that preclude a jury from rendering a verdict of guilty-beyond-a-reasonable-doubt. *See Neder v. United States*, 527 U.S. 1 (1999) (applying the harmless-error analysis to an instruction that omitted the materiality element of a tax offense); *see also California v. Roy*, 519 U.S. 2 (1996) (per curiam) (applying the harmless-error analysis

to an instruction that failed to instruct the jury that it could convict the defendant as an aider and abettor only if it found that the defendant had the "intent or purpose" of aiding the confederate's crime); *Sasser v. State*, 338 Ark. 375, 993 S.W.2d 901 (1999) (holding that the omission of the *actus reus* element from the instructions for attempted rape and attempted kidnapping was not a structural error); *but see Sullivan v. Louisiana*, 508 U.S. 275 (1993) (holding that an erroneous reasonable-doubt instruction was a structural error and not subject to the harmless-error analysis). Further, our supreme court has held that justification, such as self-defense, is considered an element of the offense. *See Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003). Accordingly, because the error in this case applied only to a single element, we hold that *Reynolds* is distinguishable, and the requirements of *Strickland* must be met.[4]

Nelson next argues that the erroneous jury instruction violated his due-process rights. He concedes that he made no contemporaneous objection below, and thus, his claim is generally not preserved for appellate review; however, he asserts that the third *Wicks* exception applies. The third *Wicks* exception provides a narrow exception to the contemporaneous-objection rule when an error is so flagrant and highly prejudicial in character that the trial court should have intervened on its own motion to correct the error. *Lopez-Deleon v. State*, 2014 Ark. App. 274, 434 S.W.3d 914 (citing *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980)). In making his *Wicks* argument, Nelson relies on his contention that the flawed instruction here is analogous to the instruction in *Reynolds* and amounted to

---

[4] Nelson does not argue on appeal that he can establish prejudice.

6

a fundamental structural error in the trial mechanism. However, as we have stated, the error in the instruction in this case is distinguishable from the error in *Reynolds*; thus, we find that the third *Wicks* exception does not apply.

Nelson's final argument is that the circuit court erred in admitting into evidence during the sentencing phase the prosecutor's report from his prior conviction of unlawful discharge of a firearm from a vehicle. He asserts that the admission is hearsay and violated Arkansas Code Annotated section 16-97-103(a) and his rights under the Confrontation Clause. Nelson concedes that he received a sentence less than the maximum for both convictions and recognizes that our supreme court has held that a defendant who is sentenced to less than the maximum sentence cannot establish prejudicial error. *Tate v. State*, 367 Ark. 576, 242 S.W.3d 254 (2006). However, he asserts that he received a "de facto" life sentence because he is not parole eligible and must serve one hundred percent of his sentence. Nelson's argument is unavailing. It remains true that he did not receive the maximum sentence. Accordingly, he cannot establish prejudicial error.

Affirmed.

GLADWIN, C.J., and KINARD, J., agree.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.