

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-15-1059

| | |
|---|---|
| | **Opinion Delivered** September 21, 2016 |
| WILLIAM JAMES CARTWRIGHT | APPEAL FROM THE CHICOT |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. CR2014-78-4] |
| V. | |
| | HONORABLE DON GLOVER, |
| | JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

William James Cartwright is appealing his conviction by a Chicot County jury of robbery.[1] He argues that the State presented insufficient evidence to support the conviction and that the court erred in refusing to instruct the jury on theft as a lesser-included offense of robbery and in admitting evidence of out-of-state convictions in the sentencing phase. We affirm.

Cartwright admits that on September 27, 2014, he entered a True Value store in Lake Village, saw an employee place a money bag in a cabinet in an office, went into the office, took the money bag, and fled the store with it. Kay Hambers testified that she was working at the True Value that day, and when she tried to stop Cartwright from leaving with the money bag, he shoved her out of the way. Christopher Johnson testified that he was shopping at the True

---

[1] Cartwright was also convicted of fleeing from law enforcement but has not challenged that conviction on appeal.

Value that morning when he witnessed Cartwright push Hambers and flee the store with the money bag. Johnson chased Cartwright into the parking lot and tried to grab the bag. Johnson testified that Cartwright swung at him but missed. Shannon Williams, another True Value employee, testified that he chased Cartwright to his car, reached in the driver-side window, and retrieved the money bag off the dashboard as Cartwright began to drive away. Linda Mims testified that she was working as the manager at the True Value store that morning and witnessed the events described above. Captain Bob Graham with the Lake Village Police Department testified that, after interviewing the witnesses, he was able to identify and apprehend Cartwright, who admitted to trying to take the money bag but denied pushing Hambers or attempting to hit Johnson.

Cartwright moved for a directed verdict, arguing that the State had failed to show he used or threatened to use physical force in trying to take the money, which the court denied. The court also denied his request to instruct the jury on theft as a lesser-included offense to robbery. Cartwright was convicted of robbery and fleeing. During sentencing, the court admitted evidence of several prior out-of-state convictions but refused to allow them to be used as the basis for a sentencing enhancement because there was no evidence that Cartwright had an attorney in those proceedings. The jury sentenced Cartwright to fifteen years for robbery and five years for fleeing and recommended that the sentences run consecutively. The jury also recommended restitution in the amount of $5,100.

On appeal, Cartwright argues that the court erred in denying his motion for directed verdict because there was insufficient evidence that he had employed or threatened to employ physical force while attempting to steal the money.

> A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person.

Ark. Code Ann. § 5-12-102 (Repl. 2013). The criminal code defines "physical force" as any "bodily impact, restraint, or confinement" or "threat of any bodily impact, restraint, or confinement." Ark. Code Ann. § 5-12-101(1), (2). A robbery is committed when a person, in resisting apprehension for theft, employs physical force or threatens the use of physical force to avoid apprehension. *McElyea v. State*, 360 Ark. 229, 232, 200 S.W.3d 881, 883 (2005) (citing *Jarrett v. State*, 265 Ark. 662, 580 S.W.2d 460 (1979)).

> The standard of review is well settled and has been set forth as follows:
>
> We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. We have repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. We affirm a conviction if substantial evidence exists to support it. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture.

*Sartin v. State*, 2010 Ark. App. 494, at 5–6 (quoting *Gillard v. State*, 372 Ark. 98, 100–01, 270 S.W.3d 836, 838 (2008) (internal citations omitted)). Here, there was more than substantial evidence to support the verdict. Several witnesses testified that Cartwright shoved Hambers and swung at Johnson while trying to flee with the money bag. We have consistently held that a shoplifter, who, after having been discovered trying to steal merchandise, shoves or pushes someone in order to escape, has committed robbery. *Becker v. State*, 298 Ark. 438, 768 S.W.2d 527 (1989); *Williams v. State*, 11 Ark. App. 11, 665 S.W.2d 299 (1984); *White v. State*, 271 Ark. 692, 610 S.W.2d 266 (Ark. App. 1981). We affirm on this point.

SLIP OPINION

Cartwright's second argument on appeal is that the trial court erred in denying his request that the jury be instructed on theft as a lesser-included offense of robbery. On appeal, we must affirm a trial court's decision to exclude an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *Thomas v. State*, 2012 Ark. App. 466, at 2, 422 S.W.3d 217, 219. We will not reverse a trial court's decision regarding the submission of such an instruction absent an abuse of discretion. *Id.* at 3, 422 S.W.3d at 219. A trial court does not abuse its discretion in denying a proffered jury instruction on a charge that is not a lesser-included offense. *See Brown v. State*, 347 Ark. 44, 47, 60 S.W.3d 422, 424 (2001).

We find no merit in Cartwright's argument because theft is not a lesser-included offense of robbery. The Arkansas Supreme Court explicitly held that theft is not a lesser-included offense of robbery in both *Thompson v. State*, 284 Ark. 403, 408, 682 S.W.2d 742, 745 (1985), and *Hill v. State*, 276 Ark. 300, 302, 634 S.W.2d 120, 121 (1982). In *Thompson*, the supreme court explained that "[t]heft is the wrongful appropriation of the victim's property while robbery is the threat of physical harm to the victim. The offenses are of a different nature." *Thompson*, 284 Ark. at 408, 682 S.W.2d at 745. Because *Thompson* was decided pursuant to a common-law rule for determining lesser-included offenses, which was replaced by Arkansas Code Annotated section 5-1-110(b), the supreme court later retreated from *Thompson*'s reliance on the common-law test. *McCoy v. State*, 347 Ark. 913, 921, 69 S.W.3d 430, 435 (2002), *opinion supplemented on denial of reh'g*, 348 Ark. 239, 74 S.W.3d 599 (2002). Under the statute, an offense is a lesser-included offense if it

(1) Is established by proof of the same or less than all of the elements required to establish the commission of the offense charged;

(2) Consists of an attempt to commit the offense charged or to commit an offense otherwise included within the offense charged; or

(3) Differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission.

Ark. Code. Ann. § 5-1-110(b). Although we have found no recent cases addressing whether theft is a lesser-included offense of robbery, Arkansas courts have repeatedly held that theft is not a lesser-included offense of aggravated robbery based on much of the same reasoning discussed in *Thompson*. *See Brown v. State*, 347 Ark. 44, 47, 60 S.W.3d 422, 424 (2001); *Hill*, 276 Ark. at 302, 634 S.W.2d at 121.

Accordingly, we hold that theft is not a lesser-included offense of robbery pursuant to Arkansas Code Annotated section 5-1-110(b). The wrongful appropriation of the victim's property is an essential element of theft, while robbery can be committed without actually taking the property of another, since robbery is defined as employing or threatening to employ physical force upon another with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter. *Robinson v. State*, 303 Ark. 351, 354, 797 S.W.2d 425, 426 (1990); Ark. Code Ann. § 5-36-103(a)(1); Ark. Code Ann. § 5-12-102(a). Theft, therefore, cannot be proved by less than all the elements required to establish robbery; it requires the additional element of exercising control over the property of another. Theft is also not merely an attempt to commit robbery and does not differ from robbery merely by degree. The offenses are of a different nature, as noted in *Thompson*. We affirm on this point.

Cartwright's final argument on appeal is that the trial court erred during the sentencing phase by admitting evidence of his previous out-of-state convictions where they were not accompanied by any assurance that he had been represented by counsel in those proceedings.

SLIP OPINION

We need not reach the merits of this argument because Cartwright cannot demonstrate prejudice, even if admission of the evidence was in error. The jury sentenced Cartwright to fifteen years' imprisonment for robbery, which is a Class B felony and carries a potential maximum sentence of twenty years' imprisonment. Similarly, the jury sentenced Cartwright to five years' imprisonment for fleeing, which is a Class D felony and carries a potential maximum sentence of six years' imprisonment. Because Cartwright received less than the statutory maximum sentence on each charge, he cannot show prejudice. *Nelson v. State*, 2015 Ark. App. 697, at 7, 477 S.W.3d 569, 573; *Gillean v. State*, 2015 Ark. App. 698, at 28, 478 S.W.3d 255, 272.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Joseph P. Mazzanti III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.