
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-16-1106

|  |  |
|---|---|
| | **Opinion Delivered** September 27, 2017 |
| TERRA NICHELLE HORTON<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | [NO. 60CR-15-2804] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HERBERT T. WRIGHT, JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

This theft case—the item was a $1 bottle of liquid laundry detergent—went from bad to worse when Terra Horton tussled with a loss-prevention officer as she made her getaway from a North Little Rock Dollar General Store. The circuit court convicted Horton of robbing the store following a bench trial in Pulaski County. She appeals her conviction and the related sentence, arguing that the State failed to prove its case.

I.

Gerald Watson, a third-party undercover security guard working for Dollar General Store, testified that he was working on 6 August 2015 at the Pike Avenue location in North Little Rock when he saw Horton enter the store and conceal one bottle of laundry detergent inside her purse. Horton paid for other items at the store register, but she did not pay for the concealed detergent. Watson testified that Horton entered the store with a flat purse,

SLIP OPINION

but the purse "bulged to the size of a laundry detergent" after she had concealed the item. Watson said he confronted Horton outside the store and loudly shouted, "Loss Prevention. I need to talk to you about the merchandise that you have concealed inside your purse." He testified that Horton "kept pushing past me." He then tried to block Horton from getting into her vehicle and eventually reached inside the car and grabbed Horton's identification, which was lying on the seat. According to Watson, Horton yelled obscenities at him, hit him with the car door, and bumped his leg with the car as she left the parking lot in her car. Watson called the police and reported Horton's license-plate number. A video of the parking-lot scene was introduced as State's Exhibit No. 1. Watson said that he had a "slight limp" for two or three days, but he did not require any medical attention.

On cross-examination, Watson said the value of the stolen laundry detergent was $1. Though he was sure Horton did not pay for the detergent—because he never saw her bring it out of her purse—he agreed that no in-store video footage showed Horton concealing the detergent inside her purse. According to Watson, Horton did not comply with his order to return to the store. He admitted that he opened Horton's passenger door to grab her wallet, which contained her ID.

On redirect examination, Watson stated that Horton pushed him and that she hit him with the back part of the car. (The video does not show the end of Horton's car hitting Watson.)

North Little Rock police officer Michael Stanley testified that he responded to a 911 call at the Dollar General on 6 August 2015 and engaged Horton about one block from the store. Horton told Officer Stanley that she "paid for the property" and that she "felt like

she was about to be robbed." Officer Stanley said that he watched the video footage of the tussle that occurred outside the store, but there was not any in-store footage. He arrested Horton for robbery after watching the video and hearing two statements from Dollar General employees. On cross-examination, he said he remembered that Horton had paid for rat poison and that she had a receipt for some of the items that she showed him. He did not recall if he looked inside Horton's purse or whether he recovered any items from her car. He also agreed that he "didn't see any laundry detergent . . . that was alleged to have been stolen."

Horton then moved to dismiss the case. She argued that there were very few similarities between Watson's testimony and the video. She also argued that her wallet had been taken, no stolen property was recovered from her possession, and that "the State [had] not met its burden that a theft of property happened." The State responded that it had proved beyond a reasonable doubt that a theft had been committed based on Watson's testimony that he saw Horton conceal "cleaner" in her purse and that she came in with a flat purse but left with it bulging. The State also argued that Horton immediately resisted apprehension by employing force against Watson when she pushed past him. Horton countered that she was arrested within one block of the store and no stolen evidence was produced, so there was at least reasonable doubt that "there was not a theft that took place, and a theft has to take place in order for the State to meet this burden." The court denied Horton's motion.

SLIP OPINION

II.

We begin our analysis with the definition of robbery. A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person. Ark. Code Ann. § 5-12-102. The criminal code defines "physical force" as any "bodily impact, restraint, or confinement" or "threat of any bodily impact, restraint, or confinement." Ark. Code Ann. § 5-12-101(1)–(2) (Repl. 2013); *see also McElyea v. State*, 360 Ark. 229, 232, 200 S.W.3d 881, 883 (2005). Regarding the element of theft, a person commits theft of property if he or she knowingly takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property or obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103(a) (Repl. 2013). The robbery statute requires that the State prove beyond a reasonable doubt that Horton had the specific intent to commit a theft. *See* Ark. Code Ann. § 5-12-102; *see also Matthews v. State*, 2009 Ark. 321, at 4, 319 S.W.3d 266, 268. ("[A]ggravated robbery contains an element of intent to commit theft."); *Heard v. State*, 2009 Ark. 546, at 2, 354 S.W.3d 49, 50 (discussing specific intent in an aggravated-robbery case).

We treat a motion for directed verdict during a jury trial, or a motion to dismiss during a bench trial, as a challenge to the sufficiency of the evidence. *Gillard v. State*, 372 Ark. 98, 100–01, 270 S.W.3d 836, 838 (2008). In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider

only the evidence that supports the verdict. *Id.* We affirm a conviction if substantial evidence exists to support it. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* To sustain a conviction based solely on circumstantial evidence, the circumstances must be consistent with the guilt of the accused and inconsistent with his or her innocence and incapable of explanation on any other reasonable hypotheses than that of guilt. *King v. State*, 100 Ark. App. 208, 212, 266 S.W.3d 205, 206–07 (2007). When the circumstances fairly permit an inference consistent with innocence, they cannot support a conviction. *Id.*

Here, Horton argues, as she did in her motion to dismiss, that the State failed to introduce substantial evidence that she had committed theft of property and thus failed to introduce substantial evidence that she had committed a robbery. She does not pointedly challenge the "physical force" element contained in the robbery statute. The State argues that its evidence demonstrated that Horton (1) committed the theft and (2) she immediately used physical force on Gerald Watson with the purpose of resisting apprehension (thereby committing a robbery).

First, we hold that the State provided sufficient evidence of Horton's criminal intent to commit a misdemeanor theft, and the theft itself, for a number of reasons. Watson testified that Horton placed a bottle of laundry detergent inside her flat purse, that the purse bulged after doing so, that she did not pay for the detergent before walking out of the store, that she more or less shoved him when he confronted her in the parking lot, and that she fled the scene abruptly when confronted by one or more loss-prevention officers who

openly identified themselves as such. This is substantial evidence of a robbery when the evidence is viewed in a light most favorable to the State. True, no one testified that they saw, much less recovered, the detergent after Horton left the store; nor did anyone state that her receipt failed to list the detergent as a purchased item. Still, her fleeing and forceful behavior once confronted about the theft can be considered circumstantial evidence of the specific intent to commit a theft. *See Cartwright v. State*, 2016 Ark. App. 425, 501 S.W.3d 849 (flight of an accused to avoid arrest is evidence of criminal intent). This, coupled with Watson's testimony that he saw her conceal an item, is sufficient evidence that Horton employed physical force upon another with the purpose of committing a misdemeanor theft. *Id.*

The facts in this case are similar to those in *Jarrett v. State*, a supreme court case in which a grocery-store security guard saw a man put packages of meat into two sacks in his pants after going to an "employees only" area of the store. 265 Ark. 662, 663, 580 S.W.2d 460, 461 (1979). The defendant did not obey the guard's command to stop, assaulted the guard while the guard was trying to handcuff him, and was ultimately convicted of robbery following a bench trial. *Id.* The court affirmed the conviction. *Id.* As in *Jarrett*, the circuit court in this case could have reasonably believed that had Horton meant to pay for the laundry detergent at the check-out counter, she would have removed it from her purse and that she was exercising unauthorized control of the property when she took it outside the store without paying for it. Arkansas's theft statutes have in the past received some attention. *See* David A. Bailey, *When Did Shoplifting A Can of Tuna Become A Felony? A Critical Examination of Arkansas's Breaking or Entering Statute*, 63 Ark. L. Rev. 269 (2010). But in

this case the State presented sufficient evidence for the court to conclude that Horton had stolen some detergent and then used physical force to avoid detection and to escape after she had been confronted outside the store. We do not reweigh the evidence. The conviction, for which Horton received five years' probation, is affirmed.

Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Bryan Foster*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.