BART F. VIRDEN, Judge
A Pulaski County jury convicted appellant Roscoe Fletcher of aggravated-residential burglary, theft of property, and aggravated robbery. The jury sentenced him as a habitual offender to an aggregate term of forty years' imprisonment. Each sentence was enhanced twelve months for use of a firearm, with the enhancements running concurrently with each other but consecutively with the underlying offenses for an aggregate prison term of forty-one years. Fletcher does not challenge the sufficiency of the evidence to support his convictions for aggravated-residential burglary and aggravated robbery. Rather, he argues that the trial court erred in denying his directed-verdict motion on the theft-of-property conviction because the State failed to prove that he threatened to inflict serious physical injury on the victim. We affirm.
I. Trial Testimony
Willie Wilson testified that on the evening of March 20, 2016, he was visiting his friend, Cassyophis "Meeka" Williams, when two men-a younger man with dreadlocks and an older man-entered Williams's residence wearing masks and carrying guns. Wilson said that he immediately recognized the older man as someone he knew from the neighborhood as "Skeet," and he identified Fletcher as that man at trial. Wilson testified that Fletcher had a sawed-off, double-barreled, 12-gauge shotgun and that Fletcher had cocked it and demanded money. Wilson stated that Fletcher had the shotgun pointed at him with his finger on the trigger. He testified that Fletcher had ordered him to remove his clothes and ordered the younger man to take Wilson's wallet. According to Wilson, *549 they took his identification and twenty or thirty dollars.
In moving for a directed verdict on the charge of theft of property, defense counsel argued, "In the light most favorable to the State[,] Mr. Wilson testified that a young black male with dreads took his property, and there is no proof that there was any threat given or any purpose of serious physical injury." The trial court denied the motion, and the jury returned its verdict of guilty.
I. Standard of Review
We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. Horton v. State , 2017 Ark. App. 481, 530 S.W.3d 880. We view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. Id. We affirm a conviction if substantial evidence exists to support it. Id. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Id.
II. Theft of Property
A person commits theft of property if he or she knowingly obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103(a)(2) (Repl. 2013). Theft of property is a Class B felony if the property is obtained by the threat of serious physical injury to any person. Ark. Code Ann. § 5-36-103(b)(1)(B). "Threat" means a menace, however communicated, to cause physical injury to any person or to commit any other criminal offense. Ark. Code Ann. § 5-36-101(11)(A)(i). "Serious physical injury" means physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. Ark. Code Ann. § 5-1-102(21).
III. Discussion
Fletcher argues that the State's evidence was insufficient for three reasons: (1) Wilson did not testify that Fletcher verbally threatened to inflict serious physical injury on him, (2) Wilson did not testify that Fletcher pumped or cocked the sawed-off shotgun that he pointed at him or that he saw Fletcher's finger on the shotgun's trigger, and (3) Wilson did not specifically testify that he believed Fletcher would inflict serious physical injury on him if he did not surrender his property.
As for the first argument, in defining "threat," the statute does not require that the threat be verbalized-the language describes a threat "however communicated." In Hinton v. State , 2015 Ark. 479, 477 S.W.3d 517, our supreme court affirmed Hinton's conviction for theft of property and noted that Hinton had threatened the victim by pointing a firearm at him. In Robinson v. State , 317 Ark. 17, 875 S.W.2d 837 (1994), which was an aggravated-robbery case, the supreme court noted that it was reasonable for the jury to have concluded that when the assailant pointed a gun at one victim, another victim was included "in the threat communicated by the gunman." Id. at 25, 875 S.W.2d at 842. The Robinson court cited McLaughlin v. United States , 476 U.S. 16, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986), in which the United States Supreme Court recognized that "the display of a gun instills fear in the average citizen." Id. at 17-18, 106 S.Ct. 1677. Here, the jury could have reasonably concluded that Fletcher threatened Wilson when he pointed the shotgun at him.
*550 Fletcher's second assertion is contrary to the victim's testimony. Wilson indeed testified that Fletcher cocked the shotgun and held his finger on the trigger.
Fletcher's third argument is not preserved for appellate review, since it was not raised in his directed-verdict motion. Merchant v. State , 2017 Ark. App. 576, 532 S.W.3d 136 (holding that an argument was not preserved for appellate review when appellant failed to specify in his directed-verdict motion the manner in which the State's evidence was insufficient). In any event, the argument is without merit because the theft-of-property statute does not require that the victim have any particular mental state.
We hold that substantial evidence supports Fletcher's conviction for theft of property.
Affirmed.
Klappenbach and Murphy, JJ., agree.