Cite as 2020 Ark. App. 317

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-19-954

| | |
|---|---|
| CHRISTOPHER L. WASHINGTON, JR. | **Opinion Delivered:** May 27, 2020 |
| APPELLANT | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-18-197] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Chief Judge

Appellant Christopher Washington was convicted of aggravated robbery and theft of property and sentenced to an aggregate of forty years' imprisonment. On appeal, appellant challenges the sufficiency of the evidence to support the convictions. We affirm.

On December 4, 2018, appellant was charged as a habitual offender with aggravated robbery and theft of property (greater than $5000 and less than $25,000). These charges arose out of an alleged October 2018 incident in which Elizabeth Hill's car was stolen after she had been beaten, shot, and thrown out of her car. A jury trial was held on July 23, 2019.

Officer John Pryor of the Arkansas State Police came into contact with the victim in the early morning hours of October 28, 2018. He recalled sitting outside his home drinking coffee when he heard someone from a distance calling for help. He got his equipment, left in his patrol car to investigate, and called the Ashley County Sheriff's Department for backup. He then saw Hill limping down a gravel back road. Pryor testified that she appeared

to have been in a fight, explaining that she was "covered in blood," looked like she had "road rash all over her," and "couldn't hardly stand."

The next witness to testify was the victim. Hill testified that she had been using methamphetamine for three years and knew appellant because she bought drugs from him. She explained that on October 28, she contacted appellant on Facebook Messenger just after midnight and learned appellant only had marijuana. Although Hill wanted methamphetamine, she asked if he could front the money for the marijuana because she could not cash a check until the following morning. Hill testified that appellant told her to come to his home. She drove her 2015 Nissan Juke (valued at more than $5000) to appellant's house and messaged him around 4:45 a.m. to let him know she was in his driveway. Hill stated that she went inside the house and met a woman named Stephanie. Appellant told Hill that Stephanie did not want to give her the marijuana without the money. Hill explained that Stephanie came out of the house, got in Hill's car, and told Hill she needed a ride. Hill agreed because she was hoping to get the drugs. Appellant and Seth Collins also got in Hill's car. Hill said that appellant told her where to drive, taking her to a gravel road, and then asked her to stop because he had lost something. Hill testified that when she stopped, appellant "leaned over and wrapped his arm around my neck, and started choking me and hitting me in the face." Hill stated that Seth then got out of the backseat and pulled her out of the car by her feet and dragged her to a ditch, Seth threw her cell phone in the woods, and Seth and appellant began punching and kicking her. Hill was then dragged back to the car and put in the backseat. Seth drove, Stephanie was in the backseat, and Hill was in appellant's lap in the backseat. Hill said that her legs were hanging out of

2

the door because her daughter's car seat was in the way. She testified that appellant had his arm over her eyes and held her nose and pushed her mouth shut, which caused her to pass out. Before passing out, Hill heard a conversation about how they were going to kill her. She recalled Seth saying she did not "deserve a bullet, to just throw [her] out the car, and that he would let [appellant] know when he hit sixty miles an hour." Hill testified that when appellant pushed her out of the car, she rolled down the road and heard two gunshots but did not realize she had been shot. Hill explained that the others kept driving, and she began to walk back the way they came and screamed for help. Hill thought her arm was broken but later realized she had been shot.

Officer Josh Pollock of the Ashley County Sheriff's Department testified that he was involved in the aggravated-robbery investigation involving Hill. He stated that after Hill's car had been taken, they put out a notice to "be on the lookout" for her vehicle. He was later contacted by the Little Rock Police Department.

Little Rock police officer Richard Baxter testified that he came into contact with appellant in October 2018 at Marilyn Avenue and Valentine Street. He stated that a white Nissan Juke that had been reported stolen from Ashley County was in the vicinity of appellant. Baxter said that appellant was taken into custody and that one of Hill's credit cards was found in appellant's boot when he was searched.

The next witness to testify for the State was Stephanie Rollow.[1] Stephanie testified that Seth asked her to hang out and that Hill was driving when Seth and appellant picked

[1]She was also charged with aggravated robbery and theft of property in connection with the incident.

3

her up from her grandmother's house. Stephanie said they were just driving around with appellant directing Hill where to go. Stephanie explained that appellant told Hill to stop, put the car in park, and began to choke Hill. She stated that appellant and Seth dragged Hill to the ditch and began to beat her up, which she described as punching her in the face. Stephanie recalled hearing a gunshot after which Hill was dragged back into the car. She said that Seth was driving, and appellant was holding Hill with her face toward his chest. Stephanie said appellant asked Seth to speed up so he could throw Hill out of the vehicle. She testified that appellant threw Hill out of the car. When asked about appellant's hands being around Hill's face, Stephanie thought he was trying to keep Hill from being loud and screaming but was not sure if that would keep Hill from breathing. Stephanie explained that after Hill was thrown out of her car, they drove to Pine Bluff, but she did not see a gun until they arrived, adding that Seth had the gun.

The next witness was Brandon Jacobs, an emergency medical technician for the Crossett Fire Department. He said that he treated two of Hill's wounds as gunshot wounds by packing and wrapping them to control the bleeding.

The last prosecution witness was Officer Phillip Roberts of the Ashley County Sheriff's Department, who responded to the scene. He recalled Hill's telling him that she was thrown out of the car and "shot at twice."

After the State rested, appellant moved for a directed verdict on the charge of aggravated robbery:

> I do have a motion for a directed verdict on the charge of aggravated robbery, Your Honor, in that the State has failed to make a prima facie case that my client was either armed with a deadly weapon, or indicated that he was armed with a deadly weapon,

4

or that he attempted to inflict -- That he attempted to inflict serious physical injury or death on Elizabeth Hill. The State has not proven those elements to that charge.

The circuit court denied the motion, and the defense did not present any evidence. The jury found appellant guilty of aggravated robbery and theft of property (greater than $5000 and less than $25,000). Appellant was sentenced to forty years' imprisonment for aggravated robbery and ten years for theft of property with the sentences to run concurrently. A timely notice of appeal was filed from the July 24 sentencing order.

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Fletcher v. State*, 2018 Ark. App. 113, 543 S.W.3d 547. We view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

"A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102 (Repl. 2013). A person commits aggravated robbery if he or she commits robbery as defined in Arkansas Code Annotated section 5-12-102, and the person

(1) Is armed with a deadly weapon;

(2) Represents by word or conduct that he or she is armed with a deadly weapon; or

(3) Inflicts or attempts to inflict death or serious physical injury upon another person.

5

Ark. Code Ann. § 5-12-103(a). "Serious physical injury" is defined as physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." Ark. Code Ann. § 5-1-102(21) (Repl. 2013). A person commits theft of property "if he or she knowingly takes or exercises unauthorized control over . . . the property of another person with the purpose of depriving the owner of the property[.]" Ark. Code Ann. § 5-36-103(a)(1) (Supp. 2019).

Appellant first argues that the evidence was insufficient to establish that he was armed with a deadly weapon or represented that he was armed with a deadly weapon. We need not address this argument because aggravated robbery may also be sustained by proof that appellant committed robbery and inflicted or attempted to inflict death or serious physical injury upon another person.

Appellant next contends that the proof is insufficient to support the conviction because Hill's injuries did not rise to the level required by the statute. He states that "there was no evidence that the wounds were serious, long-term protracted injuries or ones which needed the care of a hospital or medical doctor." This argument ignores that the statute requires that the defendant inflict or *attempt to inflict death or serious physical injury*. Ark. Code Ann. § 5-12-103(a)(3) (emphasis added). Thus, appellant's citation to cases involving whether gunshot wounds constituted serious physical injuries are not necessary to our review.

In *Bishop v. State*, 294 Ark. 303, 742 S.W.2d 911 (1988), the supreme court reduced appellant's aggravated-robbery conviction to aggravated assault because there was

insufficient evidence of appellant's intent to commit a theft.[2] However, the supreme court stated that there was sufficient evidence to show that the defendant attempted to inflict serious physical injury. The facts in *Bishop* showed that Bishop and a companion entered a liquor store; Bishop approached the clerk with a bottle of wine and asked the price; when the clerk asked Bishop for identification, he turned as if to walk away but abruptly turned back and swung the bottle at the clerk's head; the clerk ducked; and Bishop jumped up on the counter and swung again at the clerk. The supreme court stated there was "no doubt that the evidence was sufficient to show an attempt to inflict serious physical injury" upon the clerk. *Bishop*, 294 Ark. at 306, 742 S.W.2d at 913; *see also Smith v. State*, 65 Ark. App. 216, 986 S.W.2d 137 (1999) (stating that although not challenged, there was no doubt that the evidence was sufficient to show an attempt by appellant to inflict serious physical injury upon the victim where he was beaten, put in the backseat of the car, blindfolded and driven around, and eventually thrown out of the car).

Considering the evidence in the light most favorable to the State, there is sufficient evidence to show an attempt to inflict death or serious physical injury. The victim went to appellant's house to purchase drugs. When she arrived, she agreed to give appellant, Seth, and Stephanie a ride. As she was driving, appellant told her to stop the car and began choking her and punching her in the face. He and Seth then dragged Hill from the car to a ditch and continued to beat her. Hill was then placed in the backseat of the car with part of her

---

[2]In *Matthews v. State*, 2009 Ark. 321, 319 S.W.3d 266, the supreme court held that aggravated assault was not a lesser-included offense of aggravated robbery, overruling *Bishop*, 294 Ark. 303, 742 S.W.2d 911.

legs hanging out of the door. Appellant held her nose and covered her mouth, which caused Hill to pass out. Appellant and Seth discussed how to kill Hill and decided to throw her out of the car once it reached sixty miles per hour. Ultimately, appellant threw Hill out of the moving vehicle, and they drove away in her car. Both Hill and Stephanie recalled hearing gunshots, although at different times. There was evidence that Hill had a wound on her arm, which appeared to have an entry and an exit point, and was treated by the EMT as a gunshot wound.

Appellant further states that aggravated robbery must be committed in the furtherance of a theft and argues that the evidence was insufficient to establish that he had the purpose to take unauthorized control of Hill's vehicle. However, appellant failed to preserve this argument for appeal by not raising it below. A party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *Daniels v. State*, 2019 Ark. App. 507, at 4, 588 S.W.3d 407, 409.

Affirmed.

MURPHY and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.