Cite as 2020 Ark. App. 571

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-20-184

|  |  |
|---|---|
| LANDIS HESTER | **Opinion Delivered:** December 9, 2020 |
| APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-19-449] |
| V. | |
| | HONORABLE GARY COTTRELL, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Landis Hester was convicted by a Crawford County Circuit Court jury of robbery and theft of property. He was ordered to pay a $1,500 fine for the robbery conviction and was sentenced to serve a one-year term in the county jail for the theft-of-property conviction. Appellant now appeals, arguing that there is insufficient evidence to support the convictions. We affirm.

This case arises from events that occurred on May 23, 2019, while appellant and a female companion were shopping at the Price Cutter grocery store in Van Buren. Chris Arnold, a loss-prevention officer employed by Price Cutter, who is also an off-duty Van Buren canine patrol officer, noticed appellant "acting really strange." As he watched appellant throughout the store, he observed him pick up a phone charger and hold it in his hand behind his cell phone instead of placing it with the other grocery items the two selected. Arnold testified that as appellant and his companion proceeded through the

checkout line, appellant placed the phone charger in his companion's purse. The couple then paid for the other items but did not pay for the phone charger that appellant concealed in the purse. At that time, Arnold and another loss-prevention officer, Paul Dunn, approached appellant and instructed him to return the item. Appellant retrieved the ten-foot USB phone charger from the companion's purse and handed it to Dunn and then immediately "took off running towards the door" and ran into Arnold as he fled toward the exit. Appellant continued to fight Arnold and Dunn as they tried to detain him; in the struggle, Arnold and appellant fell through the plate-glass window near the store's exit. Dunn testified that appellant then tried to punch him twice in his attempt to escape. However, Dunn and Arnold were able to detain appellant until police arrived.

At the close of the State's evidence, appellant moved for a directed verdict arguing that, with regard to the robbery charge, the State failed to prove that he used physical force or the threat of physical force. As to the theft-of-property charge, appellant asserted that the State failed to establish that he intended to deprive the owner of the property. The circuit court denied the motions. Upon renewal of the motions at the conclusion of all evidence, the directed-verdict motions were again denied.

Following the trial in which the jury heard the above testimony and viewed Price Cutter's surveillance video of the incident, appellant was found guilty of robbery and theft of property. He now timely appeals both convictions.

A motion for directed verdict is treated as a challenge to the sufficiency of the evidence.[1] In reviewing a challenge to the sufficiency of the evidence, we view the evidence

---

[1]*Halliburton v. State*, 2020 Ark. 101, 594 S.W.3d 856.

in the light most favorable to the State and consider only the evidence that supports the verdict.[2] We will affirm a conviction if substantial evidence exists to support it.[3] Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture.[4] We do not weigh the evidence presented at trial or assess the credibility of the witnesses because those are matters for the finder of fact, which is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence.[5] Further, circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion.[6] Whether the evidence excludes every other hypothesis is left to the jury to decide.[7]

A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force

---

[2]*Id.*

[3]*Id.*

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.*

upon another person.[8] Physical force is defined as bodily impact, restraint, or confinement, or the threat of bodily impact, restraint, or confinement.[9]

On appeal, appellant first argues that the circuit court erred in denying his directed-verdict motion because there was insufficient evidence to support his robbery conviction. Specifically, appellant asserts that he did not employ the requisite physical force or threat of physical force. He contends that he did not shove or push Arnold; he only attempted to get away, "which would be consistent with fleeing, not a threat of physical force as required for robbery." Appellant additionally maintains that he had no duty to stop for a loss-prevention officer.

We disagree. In *Payne v. State*,[10] in affirming Payne's conviction for robbery, this court explained that the struggle that occurred between Payne and the store employees implied that appellant used some type of physical force, even if the store employee used physical force first. Here, as appellant attempted to resist apprehension, there was a clear struggle that occurred between appellant and store employees Arnold and Dunn. Appellant threw his shoulder into Arnold as he tried to run past him to get away. During the struggle, appellant and Arnold fell through a glass store window. There was testimony that appellant tried to punch one of the employees in an attempt to flee. Video footage of the incident was played during the trial. There is ample evidence of appellant's use of physical force during the incident.

---

[8] Ark. Code Ann. § 5-12-102 (Repl. 2019).

[9] Ark. Code Ann. § 5-12-101.

[10] 86 Ark. App. 59, 159 S.W.3d 804.

Furthermore, appellant acknowledges that viewing the evidence in the light most favorable to the State, as we must do, there is both testimonial evidence and video evidence that he attempted to punch Dunn. Appellant, however, asserts that this does not constitute physical force sufficient to sustain the robbery conviction because Dunn is not a law enforcement officer and had no authority to restrain him. Appellant's argument is unpersuasive. The statute provides that a person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon *another person*.[11] The statute does not require that the person upon which the physical force or the threat of physical force is employed be a law enforcement officer. Therefore, we affirm on this point.

A person commits theft of property if the person knowingly exercises unauthorized control over the property of another with the purpose of depriving the owner of the property.[12] The purpose to deprive requires the specific intent to deprive the owner of the property.[13] A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence, but may be inferred from the facts and circumstances of the crime.[14] Further, flight to avoid arrest can be evidence of criminal intent.[15]

---

[11]Ark. Code Ann. § 5-12-102 (Repl. 2019).

[12]Ark. Code Ann. § 5-36-103(a)(1) (Repl. 2013).

[13]*Horton v. State*, 2017 Ark. App. 481, 530 S.W.3d 880.

[14]*Campbell v. State*, 2019 Ark. App. 297, 577 S.W.3d 729.

[15]*Horton*, *supra*.

Appellant argues that there was testimony that he was under the influence at the time of the incident. Upon being confronted, he immediately handed over the phone charger, and there were no questions asked regarding his state of mind or why the charger was in the purse. Appellant contends that because no explanation was sought, the State failed to prove that it was his intent to deprive Price Cutter of the phone charger; consequently, his conviction for theft of property must be reversed.

Despite appellant's contention to the contrary, no explanation was required in order to ascertain appellant's intent, as intent may be inferred from the facts and circumstances of the crime.[16] Here, appellant picked up a phone charger and concealed it behind his cell phone as he continued to shop throughout the store. At the checkout line, while paying for other items, appellant put the charger in his female companion's purse without first paying for it. Once confronted by the store's loss-prevention officer, appellant handed over the charger and attempted to flee, resulting in a struggle between appellant and two of the store's loss-prevention officers. Viewing the evidence in the light most favorable to the State, sufficient evidence supports appellant's theft-of-property conviction.

Affirmed.

GLADWIN and HARRISON, JJ., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[16] *See Campbell*, *supra*.